UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, P.A.,

07-CV-10502 (LBS)

               Plaintiff,

    -against-

NATIONWIDE MUTUAL INSURANCE
COMPANY, INC.,

               Defendant.
-------------------------------------------------------------------X

### DECLARATION OF LORIN A. DONNELLY IN SUPPORT OF NATIONWIDE MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS THE COMPLAINT

      LORIN A. DONNELLY, ESQ., pursuant to 28 U.S.C. §1746, declares under penalty of perjury, under the law of the United States of America the following:

      1.    I am over 18 years of age; that I am a member of the firm of MILBER MAKRIS PLOUSADIS & SEIDEN, LLP, attorneys for Defendant NATIONWIDE MUTUAL INSURANCE COMPANY i/s/h/a NATIONWIDE MUTUAL INSURANCE COMPANY, INC. ("NATIONWIDE"); that I am a member of the bar of the Courts of the State of New York and of this Court; and that I am fully familiar with the facts and circumstances set forth in this Declaration based upon my review of the case file materials, pleadings and correspondence maintained in my office's case file for this action.

      2.    This Declaration and the exhibits annexed hereto are submitted in support of this motion by NATIONWIDE for an Order pursuant to Fed. Rule Civ. P. Rule 12 (b) (6) and Rule 17 (a) dismissing the Complaint.

3.    The arguments in support of this motion are set forth in the accompanying Memorandum of Law to which the Court is respectfully referred.

4.    Annexed hereto as Exhibit "A" is a copy of the Summons and Complaint, dated November 20, 2007 and filed November 21, 2007.

5.    Annexed hereto as Exhibit "B" is a copy of the Covenant Not to Execute and Assignment of Rights entered into between Plaza Restoration, Inc. and Park Terrace Gardens, Inc.

6.    Annexed hereto as Exhibit "C" is a copy of the Stipulation dated April 26, 2007.

7.    Annexed hereto as Exhibit "D" is a copy of the Short Form Order of the Honorable Ira. B. Warshawsky, Justice of the Supreme Court, Nassau County dated June 28, 2007 and entered July 6, 2007.

8.    For the reasons set forth in the accompanying Memorandum of Law submitted herewith, Defendant NATIONWIDE respectfully requests that the instant motion be granted in its entirety.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT**

Dated: Woodbury, New York
        January 25, 2008

LORIN A. DONNELLY [079 ]

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

Plaintiff,

-versus-

NATIONWIDE MUTUAL INSURANCE
COMPANY, INC.

Defendant.

07 CV 10502
CV

JUDGE SAND

PLAINTIFF'S RULE 7.1
CORPORATE DISCLOSURE
STATEMENT

RECEIVED
NOV 21 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Pursuant to Fed. R. Civ. P. 7.1 (formerly Local General Rule 1.9), and to enable District

Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the

undersigned counsel of record for Plaintiff National Union Fire Insurance Company of

Pittsburgh, PA. ("National Union"), a private non-governmental party, certifies that National

Union is a direct, wholly-owned subsidiary of AIG Commercial Insurance Group, Inc., which is

a wholly-owned subsidiary of AIG Property Casualty Group, Inc., which is a wholly-owned

subsidiary of American International Group, Inc., a publicly-traded corporation.

November 20, 2007

NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA.

By: _____
Christopher W. Healy (CH 7221)
EDWARDS ANGELL PALMER & DODGE LLP
750 Lexington Avenue
New York, New York 10022
(212) 308-4411

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Christopher W. Healy (CH 7221)
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Plaintiff National Union Insurance Company of Pittsburgh, PA.
750 Lexington Avenue
New York, New York 10022
(212) 308-4411

JUDGE SAND

---

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

        Plaintiff,

        -versus-

NATIONWIDE MUTUAL INSURANCE
COMPANY, INC.

        Defendant.

---

07 CV 10502

COMPLAINT

JURY TRIAL DEMANDED

NOV 2 1 2007

U.S.D.C. S.D. N.Y.
CASHIERS

---

Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,

PA. ("National Union" or "Plaintiff"), as subrogee of Park Terrace Gardens ("Park Terrace"), by

its attorneys, EDWARDS ANGELL PALMER & DODGE LLP, alleges upon information and

belief as follows:

## NATURE OF THIS ACTION

1. This is an action for bad faith, breach of contract, negligence, negligent

misrepresentation, and violation of New York General Business Law § 349.

2. By this action, National Union seeks a declaratory judgment under the Declaratory

Judgment Act, 28 U.S.C. § 2201, and money damages against Nationwide Mutual Insurance

Company, Inc. ("Nationwide") for its unfair and deceptive settlement practices and breach of its

duties and obligations under its commercial general liability and umbrella insurance policies, including two policies issued to named insured Plaza Restoration, Inc. ("Plaza").

## PARTIES

3. Plaintiff National Union is a corporation organized under the laws of the State of Pennsylvania.

4. Nationwide is a corporation incorporated in the State of Ohio.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332. The parties to this action are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(a) and (c).

## STATEMENT OF FACTS

A.    **The Personal Injury Action**

7.    On or about October 8, 1998, Tadeusz Olszewski ("Mr. Olszewski"), an employee of Plaza, sustained injuries when a scaffold cable maintained by Plaza broke, causing him to fall several stories at a construction site established to perform the renovation work of a residential building located at 65-67 Park Terrace East in New York, New York (the "Site"). Plaza had been retained by the general contractor, DJM Contracting Corp. ("DJM"), as a masonry subcontractor at the Site and, at the time of the accident, owned and maintained the scaffolding.

8.    On or about January 21, 1999, Mr. Olszewski and his wife commenced an action against the owner of the Site, Park Terrace, the managing agent, Insignia Residential Group Inc. ("Insignia"), and DJM (collectively referred to herein as the "Defendants/Third-Party Plaintiffs")

entitled <u>Olszewski v. Park Terrace Gardens, Inc.</u>, Index No. 101783/99, in New York State Supreme Court, County of New York (the "Personal Injury Action"). The Personal Injury Action sought damages for alleged violations of New York Labor Law §§ 200, 240 and 241 and loss of consortium as a result of the scaffolding accident.

9.      At the time of Mr. Olszewski's accident, Park Terrace was insured under a primary commercial general liability policy issued by St. Paul Fire & Marine Insurance Company ("St. Paul") and an umbrella commercial general liability policy issued by the plaintiff, National Union. Insignia was an additional insured under the St. Paul and National Union policies. DJM was insured under primary and excess commercial general liability policies issued by Reliance National Indemnity Company ("Reliance") and Plaza was insured under primary and umbrella commercial general liability policies and an employer's liability policy issued by the defendant, Nationwide.

10.     Pursuant to the terms of the contract entered into by Park Terrace and DJM, DJM was to hold harmless and indemnify Park Terrace and Insignia from any liability for any personal injuries arising out of the work being performed under the contract and procure liability insurance for the benefit of Park Terrace and Insignia to protect them from any claims for damages arising out of the work.[1] Park Terrace and Insignia were added as additional insureds to DJM's primary Reliance policy by endorsement. The Reliance excess liability policy issued to DJM followed form to the primary policy.

11.     After Plaintiffs commenced suit against Park Terrace, Insignia and DJM, Park Terrace and Insignia tendered their defense and indemnification to their primary insurer, St. Paul. St. Paul, acting on behalf of Park Terrace and Insignia, tendered their defense and

---

[1] <u>See</u> Articles 9.12 and 17.1 to Exhibit ("Ex.") A attached hereto.

- 3 -

indemnification to DJM's insurer, Reliance.  Reliance undertook to defend Park Terrace and Insignia under a reservation of rights with respect to co-insurance.

12.      Despite St. Paul's insistence, Reliance refused to withdraw its reservation of rights.  Furthermore, defense counsel retained by Reliance for co-defendants DJM, Park Terrace and Insignia was precluded from filing cross-claims against DJM on behalf of Park Terrace and Insignia due to the conflict of interest.  Thus, St. Paul was forced to protect its insureds' rights and in April 2001 hired separate defense counsel to represent them, including bringing cross-claims against co-defendant DJM in the Personal Injury Action.

**B.      The Third-Party Action**

13.      On or about October 13, 1999, the Defendants/Third-Party Plaintiffs commenced a third-party action against Plaza in the Supreme Court, County of New York entitled Park Terrace Gardens, Inc., v. Plaza Restoration, Inc., Index No. 101783/99, asserting claims for contractual indemnification, common law indemnification and contribution for liability arising out of the Personal Injury Action (the "Third-Party Action").  A copy of the complaint from the Third-Party Action is attached hereto as Ex. B.

14.      The contractual indemnification claims asserted by the Defendants/Third-Party Plaintiffs stem from a subcontract agreement Plaza entered into with DJM on or about March 30, 1998 for Plaza's work at the Site (the "Subcontract").[2] Pursuant to the terms of the Subcontract, Plaza agreed to indemnify and hold harmless the owner (Park Terrace), general contractor (DJM) and managing agent (Insignia) from and against claims and damages arising out of or resulting from the performance of Plaza's work.[3]  Plaza also agreed to provide liability insurance for the benefit of DJM, Park Terrace and Insignia.  Plaza's insurance procurement obligations were set

---

[2] Attached hereto as Ex. C.
[3] Id. at Article 4.6.

forth in the Project Manual for Restoration Work at Buildings "E" and "C" prepared for Park

Terrace by Eugenia Masucci, R.A. dated August 25, 1997 (the "Specifications").[4]  With respect

to the insurance called for in the Specifications, the Specifications provide:

> 21.3.5     The insurance required is as specified below and in the
> amounts indicated:
>
> A.  Workers' Compensation and Employer's Liability
>     Insurance (statutory); amounts and coverage as
>     required by New York State law.
>
> B.  Comprehensive General Liability Insurance: policy
>     liability, including premises, products, completed
>     operations and contractual in the amounts stated
>     below:
>
> 1. Bodily Injury (Public) Liability - $5,000,000.
>
> 2. Property Damage Liability, $5,000,000.
>
> ...
>
> 21.3.8     The Owner, Owner's directors, officers, agents and
> employees and Architect shall be named as "additional
> insured" on all policies.

## C.     The Insurance Policies

15.     St. Paul, National Union, Reliance and Nationwide issued various liability

insurance policies that provide various coverages for liability resulting from the Personal Injury

and Third-Party Actions.

16.     St. Paul issued primary liability policy number CK 06502995 to Parks Real Estate

Purchasing Group, Inc. for the policy period January 15, 1998 – January 15, 1999, with limits of

$1 million per occurrence and $2 million in the aggregate (the "St. Paul Policy").

17.     National Union issued excess liability policy number BE3573023 to Parks Real

Estate Purchasing Group, Inc. for the policy period January 15, 1998 – January 15, 1999, with

---

[4] See Ex. A.

limits of $25 million per occurrence excess of the $1 million St. Paul policy (the "National Union Policy").[5]

18.    Reliance issued primary liability policy number NGI 0140627-01 to DJM Contracting Corp. for the policy period September 4, 1998 – September 4, 1999, with limits of $2 million per occurrence and in the aggregate (the "Reliance Primary Policy").

19.    Reliance also issued excess liability policy number NEA 0140629-01 to DJM Contracting Corp. for the policy period September 4, 1998 – September 4, 1999, with limits of $5 million per occurrence and in the aggregate (the "Reliance Excess Policy").

20.    Nationwide issued policy no. 66 AC 381-936-3001 to Plaza for the policy period March 15, 1998 – March 15, 1999 (the "Nationwide Primary Policy").[6] The Nationwide Primary Policy provides commercial general liability coverage with limits of liability of $2,000,000 per occurrence and in the aggregate.

21.    Nationwide also issued commercial umbrella liability insurance policy no. 66 MU 381-936-3003 L to Plaza for the policy period March 15, 1998 – March 15, 1999 with limits of liability of $2,000,000 per Occurrence and in the aggregate (the "Nationwide Umbrella Policy").[7]

22.    According to the terms of the Nationwide Primary Policy, Nationwide is obligated to indemnify Plaza for all prejudgment interest on that part of the judgment Nationwide pays, from the time interest begins to accrue until such time as Nationwide makes an unconditional offer to pay.

---

[5] Attached hereto as Ex. D. The named insured under the National Union Policy included "Parks Real Estate Purchasing Group, Inc. and/or any subsidiary company (or subsidiaries of divisions thereof) and/or any other affiliated, allied or controlled entity or joint venture of any of the foregoing that existed or may hereafter exist." See Endorsement # 2. Park Terrace qualifies as a named insured under the National Union Policy.
[6] Attached hereto as Ex. E.
[7] Attached hereto as Ex. F.

23.    Nationwide also issued workers' compensation and employer's liability insurance policy no. 66 WC 381-936-3002 L to Plaza for the policy period March 15, 1998 – March 15, 1999 (the "Nationwide Employers Liability Policy").[8]  The Nationwide Employers Liability Policy provides unlimited coverage in the event Plaza is found liable to a third party for common law indemnification for injuries sustained by an employee acting within the scope of his or her employment.[9]

**D.**    **Nationwide's Defense and Indemnification Obligations**

24.    In exchange for the premiums paid by Plaza, Nationwide agreed, *inter alia*, to defend Plaza in suits seeking damages covered by the Nationwide Policies. Nationwide also agreed to provide additional insured coverage, including provision of a defense, under the Nationwide Umbrella Policy to any entity to whom Plaza agreed in writing to provide insurance such as that provided by the Nationwide Umbrella Policy.  Nationwide also agreed to pay on behalf of its insureds and additional insureds any judgment covered by the Nationwide Primary and/or Umbrella Policies up to the limits of each Policy and without limit for claims falling under the unlimited coverage provisions of the Nationwide Employers Liability Policy.

25.    Plaza tendered its defense of the Third-Party Action to Nationwide, which Nationwide accepted without a reservation of rights.

26.    Nationwide controlled the defense of Plaza in the Third-Party Action and retained the law firm of Gallagher Walker Bianco and Plastaras, LLP ("Gallagher Walker") to defend Plaza.

27.    Park Terrace and Insignia tendered the defense of the Personal Injury Action to Nationwide, but Nationwide refused to defend and indemnify them.

---

[8] Attached hereto as Ex. G.
[9] See id., New York Limit of Liability Endorsement.

28.     Park Terrace, Insignia and DJM are insureds under the Nationwide Umbrella Policy.    Pursuant to the terms of the Nationwide Umbrella Policy, Nationwide owes the Defendants/Third-Party Plaintiffs a duty to defend after the exhaustion of a ten thousand dollar ($10,000.00) retained limit.    Payments of defense costs and expenses on behalf of insureds are outside the limit of liability of the Nationwide Umbrella Policy.

E.      **Nationwide's Failure to Disclose the Existence of Its Umbrella Coverage**

29.     On three occasions shortly after the Third-Party Action was filed, the court ordered Plaza to disclose the total amount of liability insurance coverage available to it.[10]

30.     On all three occasions, Plaza was unable to disclose information relating to or produce a copy of the Nationwide Umbrella Policy due to Nationwide's failure to accurately account for Plaza's applicable liability insurance coverage.

31.     In the face of multiple court orders, Nationwide wrongfully failed to provide Plaza with the total amount of liability insurance coverage available, to properly and adequately search its records and to ascertain and identify the existence of the Nationwide Umbrella Policy.

32.     On October 5, 2000, Gallagher Walker submitted an affidavit in the Third-Party Action, sworn to by Michael Stoop, Plaza Restoration's local Nationwide insurance agent.[11] Despite the fact that he had procured all three Nationwide Policies for Plaza, Mr. Stoop stated that he was "fully familiar with the insurance coverages applicable to Plaza Restoration, Inc." and that "there were no excess insurance policies and no umbrella policies for Plaza Restoration, Inc. from the Nationwide Mutual Insurance Company" during the period in question.  Faced with responding to the above-referenced orders, Plaza at all times relied upon the accuracy and veracity of Mr. Stoop's sworn statement, as an agent of Nationwide.

---

[10] Attached hereto as Exs. H - J.
[11] Attached hereto as Ex. K.

**F.     Judgments Rendered in the Personal Injury and Third-Party Actions**

33.     On or about June 29, 2001, the Hon. Marilyn Shafer, Acting Justice of the Supreme Court, State of New York, County of New York, granted summary judgment on liability in the Personal Injury Action in favor of Mr. Olszewski against the Defendants/Third-Party Plaintiffs pursuant to Labor Law § 240(1), which imposes strict liability on contractors and building owners when a worker is injured, regardless of lack of control or supervision.

34.     In the Third-Party Action, Justice Shafer unconditionally granted summary judgment in favor of the Defendants/Third-Party Plaintiffs on their contractual indemnification claims against Plaza, thereby establishing Plaza's liability for all damages to the Third-Party Plaintiffs resulting from the scaffolding accident.[12]

35.     In or about December 2002, a trial was held on damages in the Personal Injury Action before the Honorable Nicholas Figueroa. At the conclusion of the trial, a verdict was entered against the Defendants/Third-Party Plaintiffs in excess of ten million dollars.

36.     On June 17, 2003, the Appellate Division, First Department, *inter alia*, upheld the unconditional grant of summary judgment to the Defendants/Third-Party Plaintiffs on their contractual indemnification claims against Plaza.[13]

37.     By reason of the judgment already issued against Plaza on the contractual indemnification claims in the Third-Party Action and the fact that Plaza was solely negligent for Mr. Olszewski's accident[14], the verdict exposed Plaza to liability in excess of its available insurance coverage.

---

[12] Attached hereto as Ex. L.
[13] Attached hereto as Ex. N.
[14] See Ex. M attached hereto at p. 12.

G.   **Nationwide's Bad Faith Settlement Practices**

38.     In light of the already adjudicated contractual liability of its named insured Plaza, Nationwide should have been highly motivated to pursue settlement prior to the December 2002 trial on damages.

39.     In fact, Nationwide had numerous opportunities to contribute to a settlement of the Personal Injury and Third-Party Actions before the December 2002 verdict was entered against the Defendants/Third-Party Plaintiffs, but each time steadfastly refused to do so.

40.     After the June 29, 2001 entry of judgment of contractual liability against Plaza, counsel for the Defendants/Third-Party Plaintiffs repeatedly asked Gallagher Walker if Nationwide would participate in settlement negotiations or offer any proceeds on behalf of Plaza in an attempt to resolve the claims brought by the Plaintiffs.  Each time, counsel for the Defendants/Third-Party Plaintiffs were rebuffed by Gallagher Walker.

41.     Nationwide refused to extend settlement authority to Gallagher Walker and took the position that the Defendants/Third-Party Plaintiffs should settle the Personal Injury Action and subsequently seek reimbursement from Nationwide.

42.     Not once prior to the December 2002 trial on damages in the Personal Injury Action did Nationwide make an offer of settlement on behalf of Plaza and at no time did Nationwide make an offer of settlement on behalf of DJM, Park Terrace and Insignia, its additional insureds.

43.     Nationwide's repeated refusal to make or even entertain an offer of settlement sabotaged Plaza's and the Defendants/Third-Party Plaintiffs' ability to timely and economically resolve the Personal Injury Action.

44.    As a result of Nationwide's bad faith refusal to settle, the Personal Injury Action proceeded to a trial on damages in December 2002, resulting in a verdict in favor of the Plaintiffs in excess of $10 million.

45.    Following the trial on damages and the damage award in favor of the Plaintiffs, St. Paul tendered the limits of the St. Paul Policy and its defense of Park Terrace and Insignia to National Union. At this time, the Defendants/Third-Party Plaintiffs again attempted to negotiate a settlement with the Plaintiffs. Despite the Plaintiffs' willingness to discuss settlement, Gallagher Walker repeatedly maintained that Nationwide had the issue of any contribution from the Nationwide Policies "under review."

46.    At a status conference before the trial court on July 18, 2003, the court requested that the parties to the Third-Party Action convene for a settlement conference prior to the September 8, 2003 hearing on the issue of whether Mr. Olszewski suffered a grave injury, which would impact (i) the Third-Party Plaintiffs' entitlement to common law indemnification and (ii) Nationwide's obligation to fully indemnify Plaza, under the Nationwide Employers Liability Policy, for its common law indemnification liability to the Third-Party Plaintiffs. Despite this request by the court, Nationwide refused to alter its "no pay" position.

47.    Nationwide's refusal to enter into settlement discussions at this time was further indefensible given the fact that on June 17, 2003, the Appellate Division, First Department (i) affirmed the trial court's unconditional grant of summary judgment to the Defendants/Third-Party Plaintiffs on their contractual indemnification claims against Plaza, and (ii) reinstated the Defendants/Third-Party Plaintiffs' common law indemnification claims against Plaza, which had been dismissed on summary judgment.[15]

---

[15] See Ex. N.

- 11 -

48.    On or about October 1, 2003, more than nine months after the trial on damages in the Personal Injury Action, Gallagher Walker sent the other parties to the Personal Injury and Third-Party Actions a letter stating, "We have just been advised that there was a Commercial Umbrella policy issued by the Nationwide Mutual Insurance Company ... in effect at the time of the accident of October 8, 1998. This policy affords additional coverage to our client, Plaza Restoration, Inc., in the amount of $2,000,000."[16]

49.    After the Nationwide Umbrella Policy came to light late in 2003, Gallagher Walker again submitted an affidavit sworn to by Mr. Stoop.[17]  Mr. Stoop stated that in October 2000 he had only searched the computer files of Nationwide to which he had access, rather than paper files, because the paper files had "limited accessibility."  Mr. Stoop's affidavit does not indicate why the paper files had "limited accessibility," whether these paper files were those maintained by Nationwide, whether Mr. Stoop maintained his own paper files, and if not, why he did not and whether his failure to maintain paper files contravened Nationwide's policies and procedures at the time.

50.    As a result of Nationwide's failure to discover and report the existence of the Nationwide Umbrella Policy, Plaza and the Defendants/Third-Party Plaintiffs were significantly hampered and prejudiced in their ability to resolve the Personal Injury Action prior to the trial on damages in December 2002.  Had the parties known that the coverage available to Plaza was twice the amount that Nationwide originally reported, they would have been able to resolve the Personal Injury Action for less than the $10 million judgment at trial.  The Defendants/Third-Party Plaintiffs also incurred costs in defending the Personal Injury Action that rightfully should have been covered by the Nationwide Umbrella Policy.

---

[16] Attached hereto as Ex. O.
[17] Attached hereto as Ex. P.

51.    Finally, in December 2003, two months after it "discovered" the existence of the Nationwide Umbrella Policy, Nationwide offered to tender the limits of the Nationwide Primary and Umbrella Policies to plaintiff National Union towards settlement of the Personal Injury Action.[18]  Nationwide's offer to tender its limits, however, was made before Nationwide had even provided Defendants/Third-Party Plaintiffs with a copy of the Nationwide Umbrella Policy. Furthermore, Nationwide's offer to tender its limits was made only on behalf of Plaza, despite the Defendants/Third-Party Plaintiffs' status as additional insureds under the Nationwide Umbrella Policy and their entitlement to indemnification thereunder for Plaintiffs' claims. Nationwide's offer was also conditioned on the Defendants/Third-Party Plaintiffs' agreement to abandon their common law indemnification claims against Plaza.  Nationwide's conditional offer was immediately rejected by the Defendants/Third-Party Plaintiffs.

52.    It was not until on or about January 23, 2004, over four years after the commencement of the Third-Party Action, that Nationwide unconditionally tendered the $4 million combined limits of the Nationwide Primary and Umbrella Policies to plaintiff National Union on behalf of Plaza, plus interest on the judgment in the amount of $889,644.00, an amount plaintiff disputes as insufficient.[19]

53.    In or about June 2004, by which time interest on the judgment totaled more than $2.5 million, the Defendants/Third-Party Plaintiffs negotiated a full and final settlement with the Plaintiffs in the amount of $10 million.

54.    Nationwide contributed $4,889,644.00 to the settlement on behalf of Plaza. Nationwide's contribution on behalf of Plaza represented the $4,000,000.00 combined limits of the Nationwide Primary and Umbrella Policies, as well as interest on the $4,000,000.00 from the

---

[18] Attached hereto as Ex. Q.
[19] Attached hereto as Ex. R.

- 13 -

date of summary judgment (June 29, 2001) to the date of Nationwide's conditional tender of the limits of the Nationwide Primary and Umbrella Policies (December 18, 2003).

55.    Nationwide refused to pay more than $889,644.00 in interest, despite the Defendants/Third-Party Plaintiffs' assertion that the language of the Nationwide Primary and Umbrella Policies with respect to prejudgment interest did not support Nationwide's position.

56.    The Liquidation Bureau of the New York State Department of Insurance, as the liquidator of Reliance, contributed $1,871,715.00 to the settlement on behalf of DJM.

57.    National Union contributed $3,238,641.00 to the settlement on behalf of Park Terrace, including the $1,000,000.00 limits of the St. Paul Policy, which St. Paul had tendered to National Union on December 30, 2002.

58.    DJM, Reliance and the Liquidation Bureau assigned their rights against Nationwide to Park Terrace, including the right to recover the settlement amounts paid and to pursue claims for bad faith and breach of duty.[20]  Plaintiff National Union, Park Terrace's insurer, is subrogated to those rights by virtue of the indemnity payments made on Park Terrace's behalf in settlement of the Personal Injury Action and by virtue of National Union's position as subrogee of Park Terrace.

59.    In or about October 2004, Plaza assigned its common law and contractual rights under the Nationwide Primary and Umbrella Policies against Nationwide to Park Terrace.[21] Plaintiff National Union, Park Terrace's insurer, is subrogated to those rights by virtue of the indemnity payments made on Park Terrace's behalf in settlement of the Personal Injury Action and by virtue of National Union's position as subrogee of Park Terrace.

---

[20] See pp. 6-7, 17-18 of Ex. S attached hereto.
[21] See Ex. T attached hereto.

H.    **Nationwide's Bad Faith Litigation Practices**

60.    The Defendants/Third-Party Plaintiffs asserted common law indemnification claims against Plaza in the Third-Party Action. On June 29, 2001, the trial court granted Plaza's motion to dismiss the common law indemnification claims.

61.    In or about June 2003, the Appellate Division, First Department affirmed the judgments in favor of Mr. Olszewski against the Defendants/Third-Party Plaintiffs and in favor of the Defendants/Third-Party Plaintiffs against Plaza. The judgment dismissing the common law indemnification and apportionment claims was reversed, and those claims were reinstated against Plaza.

62.    In or about August 2003, Gallagher Walker, at the direction of Nationwide and purportedly on Plaza's behalf, again moved for summary judgment on the common law indemnification claims.

63.    On or about January 6, 2004, the Supreme Court again granted Plaza's motion for summary judgment, dismissing the common law indemnification claims.

64.    On or about May 24, 2005, the First Department again subsequently reinstated the common law indemnification claims against Plaza.

65.    On or about January 30, 2006, Gallagher Walker, at the direction of Nationwide and purportedly on Plaza's behalf, for a *third* time moved for summary judgment on the common law indemnification claims.

66.    The common law indemnification claims were finally determined in the Defendants/Third-Party Plaintiffs' favor against Plaza in a decision dated December 19, 2006.[22]

67.    Nationwide, through Gallagher Walker, has continued to pursue dismissal of the Defendants/Third-Party Plaintiffs' common law indemnification claims against Plaza, despite the

---

[22] See Ex. M.

fact that (i) the limits of insurance available to Plaza under the Employers Liability Policy for those claims are unlimited and therefore available to satisfy any potential judgment against Plaza, (ii) Plaza's contractual liability to the Defendants/Third-Party Plaintiffs has been established since June 29, 2001 and (iii) Plaza's contractual liability to the Defendants/Third-Party Plaintiffs was likely to exceed the coverage limits of the Nationwide Primary and Umbrella Policies. By instructing Gallagher Walker to repeatedly move for dismissal of common law indemnification claims pending against Plaza for which the Nationwide Employers Liability Policy provides full coverage, Nationwide created a conflict of interest with its insured, Plaza, which Nationwide has made no effort to resolve.

68.    Nationwide's actions in repeatedly pursuing dismissal of the common law indemnification claims in light of Plaza's already determined contractual liability is motivated by Nationwide's placement of its own interests ahead of the interests of its insured, Plaza.

69.    Nationwide did not advise Plaza that, due to the conflict of interest created by Nationwide in attempting to obtain dismissal of the common law indemnification claims, for which the Nationwide Employers Liability Policy provides unlimited coverage, Plaza was entitled to retain independent counsel, at Nationwide's expense, with respect to this potential uninsured liability.

70.    Nationwide's failure to advise Plaza of this right and/or to retain independent counsel for Plaza breached Nationwide's contractual duty of good faith and fair dealing and contractual duty to defend Plaza under the Nationwide Primary and Umbrella Policies.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Violation of New York General Business Law § 349)

71.    Plaintiff incorporates and restates each and every allegation contained in paragraphs 1 through 70 of this Complaint.

72.    Nationwide has engaged in deceptive acts and practices in its dealings with Plaza, the Defendants/Third-Party Plaintiffs and, upon information and belief, its other insureds, by failing to design and implement adequate or reasonable policies and procedures with respect to:

        (a)    the investigation of the existence of excess or umbrella liability coverage available to its insureds;

        (b)    participation in settlement discussions relating to threatened or ongoing litigation against its insureds;

        (c)    the tender of its insureds' policy limits to claimants in cases where the insureds' liability to such claimants has been established with reasonable certainty;

        (d)    advising its insureds of the right to retain independent counsel at Nationwide's expense where Nationwide's actions and/or incentives create a conflict of interest between Nationwide and its insureds;

        (e)    retaining independent counsel for its insureds with respect to potentially uninsured liability where Nationwide's actions and/or incentives create a conflict of interest between Nationwide and its insureds; and

        (f)    making conditional tender offers that prevent its insureds from benefiting from all of the liability insurance coverage for which they have paid premiums.

73.    As a result of Nationwide's deceptive acts and practices, Nationwide's insureds, including the Defendants/Third-Party Plaintiffs and Plaza, have been exposed to unnecessary litigation, expense and uninsured liability.

- 17 -

74.    Upon information and belief, Nationwide's gratuitous, self-serving conduct evidences a pattern and practice of deceptive and unfair settlement practices to the detriment of its insureds.  By reason of this conduct, plaintiff is entitled to an award in an amount to be determined by the trier of fact and for its actual damages, as well as reasonable attorneys' fees in an amount to be determined by the Court.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Bad Faith)

75.    Plaintiff incorporates and restates each and every allegation contained in paragraphs 1 through 74 of this Complaint.

76.    Nationwide owed contractual and implied duties of good faith and fair dealing to Plaza, the Defendants/Third-Party Plaintiffs and National Union with respect to the performance of its obligations under the Nationwide Primary and Umbrella Policies arising from the Personal Injury and Third-Party Actions.

77.    Nationwide breached its contractual and implied duties of good faith and fair dealing by, among other things:

(a)    refusing in bad faith to engage in settlement discussions or make an offer of settlement within the limits of the Nationwide Primary and Umbrella Policies;

(b)    refusing in bad faith to tender the limits of the Nationwide Primary and Umbrella Policies until January 2004;

(c)    refusing in bad faith to tender the limits of the Nationwide Primary and Umbrella Policies unless the Defendants/Third-Party Plaintiffs dismissed their common law indemnification claims against Plaza, because Nationwide would be liable to indemnify the Defendants/Third-Party Plaintiffs and Plaza for the full amount of the

verdict if the Defendants/Third-Party Plaintiffs prevailed on their common law indemnification claims;

(d)    pursuing its own interests at the expense of Plaza's interests in repeatedly seeking dismissal of the common law indemnification claims, thereby creating a conflict of interest with Plaza which Nationwide has made no effort to resolve;

(e)    failing to advise Plaza of its right to retain independent counsel, at Nationwide's expense, with respect to potentially uninsured liability in light of the conflict of interest created by Nationwide;

(f)    failing to retain independent counsel to represent Plaza with respect to potentially uninsured liability in light of the conflict of interest created by Nationwide; and

(g)    refusing to acknowledge the status of the Defendants/Third-Party Plaintiffs as additional insureds under the Nationwide Umbrella Policy and refusing to provide the defense and indemnification to which the Defendants/Third-Party Plaintiffs are entitled under the Nationwide Umbrella Policy.

78.    Nationwide's gross disregard of the interests of its insureds and National Union has unjustifiably and unreasonably exposed those parties to unnecessary litigation, expense and uninsured liability. By reason of this conduct, plaintiff is entitled to an award in an amount to be determined by the trier of fact and for its actual damages, as well as reasonable attorneys' fees in an amount to be determined by the Court.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Contract)

79.     Plaintiff incorporates and restates each and every allegation contained in paragraphs 1 through 78 of this Complaint.

80.     Nationwide issued the Nationwide Policies to Plaza.

81.     Plaza complied with all of its obligations under the Nationwide Policies.

82.     The Defendants/Third-Party Plaintiffs are insureds under the Nationwide Umbrella Policy.

83.     Nationwide owed contractual duties, including the duty of good faith and fair dealing, to Plaza and the Defendants/Third-Party Plaintiffs in managing the claims tendered by Plaza and the Defendants/Third-Party Plaintiffs under the Nationwide Primary and Umbrella Policies arising from the Personal Injury and Third-Party Actions.

84.     Nationwide breached its duties and obligations under the Nationwide Primary and Umbrella Policies by, among other things:

(a)     refusing and/or failing to participate in settlement discussions when Plaza's contractual liability was already determined;

(b)     refusing and/or failing to advise Plaza of its right to retain independent counsel, at Nationwide's expense, as a result of the conflict of interest created by Nationwide;

(c)     refusing and/or failing to retain independent counsel to represent Plaza with respect to potentially uninsured liability;

(d)     refusing and/or failing to pay the full amount of interest due on the December 2002 verdict towards the settlement; and

- 20 -

(c)    refusing and/or failing to pay all of the Defendants/Third-Party Plaintiffs'
attorneys' fees and expenses incurred in defending the Personal Injury Action, pursuant
to their status as additional insureds under the Nationwide Umbrella Policy.

85.    The Defendants/Third-Party Plaintiffs and Plaza have been damaged as a result of
Nationwide's breach of its duties and obligations under the Nationwide Primary and Umbrella
Policies. Nationwide's actions have exposed the Defendants/Third-Party Plaintiffs and Plaza to
unnecessary litigation, expense and uninsured liability.

### AS AND FOR A FOURTH CAUSE OF ACTION
#### (Negligence)

86.    Plaintiff incorporates and restates each and every allegation contained in
paragraphs 1 through 85 of this Complaint.

87.    Nationwide owed a duty of care to Plaza, the Defendants/Third-Party Plaintiffs
and National Union in managing the claims tendered by Plaza and the Defendants/Third-Party
Plaintiffs under the Nationwide Primary and Umbrella Policies arising from the Personal Injury
and Third-Party Actions.

88.    Nationwide breached its duty of care by, among other things:

(a)    failing to timely disclose that Plaza and the Defendants/Third-Party
Plaintiffs were insured by the Nationwide Umbrella Policy, with policy limits of $2
million; and

(b)    failing to make a reasonable search of its records and files to determine the
existence of any umbrella or excess coverage available to Plaza and the
Defendants/Third-Party Plaintiffs.

- 21 -

89.     Plaza, the Defendants/Third-Party Plaintiffs and National Union have been damaged as a result of Nationwide's breach of its duty of care. Nationwide's actions, patterns and practices have exposed Plaza, the Defendants/Third-Party Plaintiffs and National Union to unnecessary litigation, expense and uninsured liability.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Negligent Misrepresentation)

90.     Plaza incorporates and restates each and every allegation contained in paragraphs 1 through 89 of this Complaint.

91.     Nationwide owed a duty of care to Plaza, the Defendants/Third-Party Plaintiffs and National Union to provide correct information with respect to the Nationwide Primary and Umbrella Policies to the courts and the parties involved in the Personal Injury and Third-Party Actions.

92.     Nationwide breached its duty of care by representing, through a certificate of insurance issued April 17, 1998, that Plaza was only insured by the Nationwide Primary Policy and the Nationwide Employers Liability Policy at the time of Mr. Olszewski's accident.

93.     Nationwide also breached its duty of care by representing, through an affidavit sworn to by one of its agents on October 5, 2000, that Plaza was only insured by the Nationwide Primary Policy and the Nationwide Employers Liability Policy at the time of Mr. Olszewski's accident, and did not have any excess or umbrella coverage through Nationwide or any other insurance company.

94.     Had Nationwide made a reasonable search of its records and files to determine the liability coverage available to Plaza, it would have known that these representations were false and misleading.

95.    Nationwide knew that the amount of liability insurance coverage available to Plaza was critical to Plaza and the Defendants/Third-Party Plaintiffs' defense of and ability to settle the Personal Injury and Third-Party Actions.

96.    Plaza, the Defendants/Third-Party Plaintiffs and National Union relied on Nationwide's representations with respect to Plaza's liability insurance coverage to their detriment.

97.    Plaza, the Defendants/Third-Party Plaintiffs and National Union have been damaged as a result of Nationwide's negligent misrepresentations. Nationwide's actions have exposed Plaza, the Defendants/Third-Party Plaintiffs and National Union to unnecessary litigation, expense and uninsured liability.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Declaratory Relief Pursuant to CPLR § 3001)

98.    Plaintiff incorporates and restates each and every allegation contained in paragraphs 1 through 97 of this Complaint.

99.    An actual controversy has arisen and now exists between Nationwide, Plaza and the Defendants/Third-Party Plaintiffs.

100.    Plaintiff desires a judicial determination of the respective rights and duties of Nationwide with respect to the duty to defend and indemnify Plaza and the Defendants/Third-Party Plaintiffs. In particular, Plaintiff desires a declaration that:

(a)    Plaza is entitled to independent counsel, at Nationwide's expense, to protect its interests in the Third-Party Action as a result of the conflict of interest created by Nationwide;

- 23 -

(b)    Park Terrace, Insignia and DJM are additional insureds under the Nationwide Umbrella Policy;

(c)    Nationwide had a duty to defend and indemnify the Defendants/Third-Party Plaintiffs in the Personal Injury Action; and

(d)    Nationwide should have paid prejudgment interest on the $4,000,000.00 it paid towards the settlement of the Personal Injury Action from June 29, 2001 until January 23, 2004, the date of its unconditional tender of the limits of the Nationwide Primary and Umbrella Policies.

101.    Such a declaration is necessary and appropriate at this time in order that Plaza and the Defendants/Third-Party Plaintiffs may ascertain their rights and duties with respect to Nationwide.

THE REST OF THIS PAGE IS INTENTIONALLY LEFT BLANK

**WHEREFORE,** Plaintiff seeks judgment against Nationwide for: (i) compensatory damages for any and all amounts paid to the plaintiffs in the Personal Injury Action on behalf of the Defendants/Third-Party Plaintiffs; (ii) compensatory damages for any and all amounts incurred by Plaza in defense of the Third-Party Action; (iii) compensatory damages for any and all amounts incurred by the Defendants/Third-Party Plaintiffs in defense of the Personal Injury Action; (iv) on the First and Second Causes of Action, such punitive damages as Plaintiff shall prove at trial, together with interest; (v) a declaratory judgment as set forth above in paragraph 97; (vi) an award of attorneys fees and litigation expenses; (vii) all costs and disbursements of this action; and (viii) such other and further relief in favor of Plaintiff and against Nationwide that the Court deems just and proper.

EDWARDS ANGELL PALMER & DODGE LLP

Christopher W. Healy (CH 7221)
Attorneys for National Union Fire Insurance
Company of Pittsburgh, PA.
750 Lexington Avenue
New York, New York 10022
(212) 308-4411

Dated: November 20, 2007

A

ORIGINAL

ORIGINAL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------X

TADEUSZ OLSZEWSKI, ZOFIA OLSZEWSKA and
JERZY GIELDOWSKI,

                                    Plaintiffs,                    Index No. 101783/99

            - against -

PARK TERRACE GARDENS, INC., INSIGNIA
RESIDENTIAL GROUP, INC., and DJM
CONTRACTING CORP.,
                                    Defendants.

----------------------------------------------

PARK TERRACE GARDENS, INC., INSIGNIA
RESIDENTIAL GROUP, INC. and DJM
CONTRACTING CORP.,

                                    Third-Party Plaintiffs,

            -against-

PLAZA RESTORATION INC.,

                                    Third-Party Defendant.
--------------------------------------------------------------X

        WHEREAS by decision and order of Hon. Marilyn Shafer dated June 29, 2001,

Plaintiff was awarded a judgment on liability against, *inter alia*, PARK TERRACE

GARDENS, INC. and INSIGNIA RESIDENTIAL GROUP, INC. pursuant to Labor Law

§240(1), and

        WHEREAS by decision and order of the Supreme Court of the Appellate

Division, First Department dated June 17, 2003 said judgment was affirmed, and

        WHEREAS by decision and order of Hon. Marilyn Shafer dated June 29, 2001,

PARK TERRACE GARDENS, INC. and INSIGNIA RESIDENTIAL GROUP, INC.

270745.1

were awarded a judgment of complete indemnification pursuant to contract against, *inter alia*, Plaza Restoration, Inc., and

WHEREAS by decision and order of the Supreme Court of the Appellate Division, First Department dated June 7, 2004 said judgment was affirmed, and

WHEREAS a trial was held in the Supreme Court of the State of New York, New York County before Hon. Nicholas Figueroa which resulted in a verdict in favor of Plaintiff in the amount of ten million ($10,000,000) and

WHEREAS Defendants PARK TERRACE GARDENS, INC., INSIGNIA RESIDENTIAL GROUP, INC., and DJM CONTRACTING CORP. and Third-Party Defendant Plaza Restoration, Inc. all moved pursuant to CPLR §4404 to set aside the verdict as excessive, and

WHEREAS those motions have been denied, and

WHEREAS Plaza Restoration was provided general liability insurance, umbrella or excess liability insurance, workers compensation insurance and employer's liability insurance by Nationwide Mutual Insurance Company under insurance policies bearing numbers: 66AC381936-3001, 66MU3819363003L and 66WC3819363002, and

WHEREAS Nationwide Mutual Insurance Company assigned the law firm of Gallagher Walker Bianco and Plastaras, LLP to defend Plaza Restoration, Inc. in this action, and

WHEREAS Nationwide Mutual Insurance Company controlled the defense of the action to the exclusion of Plaza Restoration, Inc., and

WHEREAS as the result of Nationwide Mutual Insurance Company's placing its interests ahead of those of Plaza Restoration, Inc. and failure to make an offer of

270745.1

settlement despite the award of summary judgment on liability against Plaza Restoration, Inc., and

WHEREAS as the result of Nationwide Mutual Insurance Company's placing its interests ahead of those of Plaza Restoration, Inc., their failure to make an offer of settlement despite the award of summary judgment on liability against Plaza Restoration, Inc. and ordering the law firm of Gallagher Walker Bianco and Plastaras, LLP to move and file certain motions to dismiss the only remaining covered claims, and

WHEREAS by virtue of the foregoing, Plaza Restoration, Inc. faces liability in excess of the limits of insurance provided by its general liability and excess liability policies, and

WHEREAS Plaza Restoration, Inc. wishes to assign all its rights against Nationwide Mutual Insurance Company under the general liability and excess liability insurance policies bearing policy numbers 66AC381936-3001 and 66MU3819363003L as well as any rights it possesses under the common law arising out of Nationwide Mutual Insurance Company's breach of its contractual duties under the policies and its duties of good faith and fair dealing, and

WHEREAS Plaza Restoration, Inc. wishes to assign all its rights against the law firm of Gallagher Walker Bianco & Plastaras, LLP arising out of the representation afforded by that firm to Plaza Restoration, Inc., including but not limited to its failure to disclose available insurance coverage, its failure to demand that Nationwide Mutual Insurance Company make a good faith effort to settle this action to avoid a judgment in excess of the limits of liability available to it, its failure to advise Plaza Restoration, Inc. that it should obtain independent counsel to represent its uninsured interests in this action

270745.1

and its advancement of arguments and defenses that were in the best interests of

Nationwide Mutual Insurance Company but against the best interests of its client, Plaza

Restoration, Inc.,

WHEREFORE, in consideration of the foregoing, Plaza Restoration, Inc. hereby

assigns all right title and interest in its claims against Nationwide Mutual Insurance

Company as heretofore set forth and all right title and interest in its claims against the law

firm of Gallagher Walker Bianco & Plastaras, LLP and

WHEREFORE, in consideration of the foregoing, Park Terrace Gardens, Inc.,

P. T. Tenants Corp., Insignia Residential Group, Inc. and DJM Contracting Corp.,

covenant not to execute on the judgment or judgments they have or in the future might

ultimately obtain against Plaza Restoration, Inc., its officers, agents or assigns except as

set forth heretofore.

Park Terrace Gardens, Inc.

By: _____
Abigail Snow
Its President

_____
John V. Fabiani, Jr.
Attorney for Park Terrace Gardens, Inc.
Insignia Residential Group, Inc., and
P.T. Tenants Corp.

Plaza Restoration, Inc.

By: _____
Witold Matekowski
Its President

_____
John Macrin
Attorney for Plaza Restoration, Inc.

270745.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------------------------X

PLAZA RESTORATION, INC.,                                       :
                                                               :        Index No. 11706/2005
                                    Plaintiff,                 :
                                                               :
            -against-                                          :        **STIPULATION**
                                                               :
                                                               :
NATIONWIDE MUTUAL INSURANCE                                    :
COMPANY,                                                       :
                                                               :
                                    Defendant.                 :
--------------------------------------------------------------X

        Plaintiff Plaza Restoration, Inc. ("Plaza") and Defendant Nationwide Mutual Insurance

Company stipulate as follows:

    1.  Plaza and Park Terrace Gardens, Inc. ("Park Terrace") entered into the Covenant Not
        to Execute and Assignment of Rights (the "Agreement") on or about January 12,
        2005.

    2.  The Agreement was not signed by DIM. The assignment of rights within the
        Agreement was made by Plaza to Park Terrace only.

    3.  Neither Plaintiff nor Defendant disputes that the Agreement is enforceable as and
        between Plaza and Park Terrace.

Dated: April 26, 2007

_____              _____ 5/1/07
Mark Seiden                                   Katherine A. Plante
Milber Makris Plousadis & Seiden, LLP         Edwards Angell Palmer & Dodge LLP
Attorneys for Defendant                       Attorneys for Plaintiff
NATIONWIDE MUTUAL INSURANCE COMPANY           PLAZA RESTORATION, INC.
3 Barker Avenue, 6th Floor                    750 Lexington Ave.
White Plains, New York 10601                  New York, New York 10022
(914) 681-8700                                (212) 308-4411

<u>SHORT FORM ORDER</u>

## SUPREME COURT - STATE OF NEW YORK
## COUNTY OF NASSAU

PRESENT:
      **HON. IRA B. WARSHAWSKY,**
                             **Justice.**

                                              **TRIAL/IAS PART 12**

PLAZA RESTORATION, INC.,

                                    Plaintiff,

                                              INDEX NO.: 011706/2005
                                              MOTION DATE: 09/29/2006
                                              MOTION SEQUENCE: 006

                -against-

NATIONWIDE MUTUAL INSURANCE COMPANY,

                                    Defendant.

The following papers read on this motion:

| | |
|---|---|
| Notice of Motion, Affirmation & Exhibits Annexed.................................................... | 1 |
| Memorandum of Law in Support.................................................................................. | 2 |
| Affirmation of Christopher W. Healy in Opposition to Nationwide's Motion to | |
| Dismiss the First Amended Complaint & Exhibits Annexed........................................ | 3 |
| Affirmation of Christopher W. Healy in Further Opposition to Nationwide's | |
| Motion to Dismiss & Exhibit Annexed........................................................................ | 4 |
| Plaza Restoration, Inc.'s Memorandum of Law in Further Opposition to | |
| Nationwide's Motion to Dismiss the First Amended Complaint................................... | 5 |
| Reply Affirmation in Support of Defendant's Motion to Dismiss of | |
| Lorin A. Donnelly & Exhibits Annexed....................................................................... | 6 |
| Memorandum of Law in Further Support....................................................................... | 7 |
| Notice of Appeal & Attachments.................................................................................. | 8 |
| Stipulation dated 4/26/07............................................................................................. | 9 |

      This motion by defendant Nationwide Mutual Insurance Company ("Nationwide") for an

order pursuant to CPLR 3211(a)(7) and CPLR 3212 dismissing the First Amended complaint in

its entirety for lack of standing, or, in the alternative, an order dismissing the first and second

causes of action, is determined as follows.

The genesis of this lawsuit is an insurance dispute arising out of a personal injury action titled *Olszewski v Park Terrace Gardens, Inc., Insignia Residential Group, Inc. and DJM Contracting Corp.* and a third-party action, *Park Terrace Gardens, Inc., Insignia Residential Group, Inc., and DJM Contracting Corp. v Plaza Restoration, Inc.* (the "Olszewski action") which was venued in the Supreme Court for the State of New York, New York County. The pertinent facts of the Olszewski action and the ensuing insurance dispute are as follows.

Tadeus Olszewski was injured in a scaffold accident at his job at 65 Park Terrace in New York, NY, on October 8, 1998, while in the employ of Plaza Restoration Inc. ( Plaza). Plaza agreed in the construction subcontract entered into with DJM Construction, the general contractor, to indemnify the property owner, Park Terrace, the managing agent, Insignia Residential Group and DJM Contracting Corp., and to hold them harmless for claims arising out of its work at the site. Olszewski commenced a personal injury action against Park Terrace, Insignia Residential Group and DJM Contracting., seeking, *inter alia*, damages for violations of Labor Law § 200, 240 and 241. On or about October 13, 1999, Park Terrace, Insignia Residential Group and DJM Contracting Corp. commenced a third-party action against Plaza seeking contractual and common law indemnification and contribution.

At the time of Olszewski's accident, Park Terrace and Insignia Residential Group were insured by St. Paul and National Union; DJM Contracting was insured by Reliance and State Insurance Bureau; and, Plaza was insured by defendant Nationwide Mutual Insurance Company. National Union Insurance Company of Pittsburgh, PA ("National Union") held Park Terrace and Insignia's excess insurance policy. Plaza had three policies in effect with Nationwide at the time of Olszewski's accident: A $2,000,000 per occurrence primary general liability policy; a $2,000,000 umbrella liability policy; and, a workers' compensation policy employer's liability policy, which it appears provides unlimited coverage for employer's liability. It must be noted that section 11 of the Worker's Compensation Law states that:

> An employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a "grave injury" ... .

-2-

A judgment of liability was entered against the defendants in the Olszewski action on June 29, 2001, pursuant to Labor Law § 240(1). The defendant third-party plaintiffs (Park Terrace, Insignia Residential Group and DJM Contracting) were granted contractual indemnification against third-party defendant Plaza, however, on a motion by Plaza the Supreme Court dismissed the third-party common law indemnification and apportionment claims against Plaza on the ground that Olszewski did not sustain a "grave injury." See W.C. L. § 11. That claim, however, was reinstated by the Appellate Division, First Department in June, 2003, *see Olszewski v Park Terrace Gardens*, 306 AD2d 128 (1st Dept. 2003), only to be dismissed again on motion by the Supreme Court in January, 2004, and reinstated once again by the Appellate Division, First Department in May, 2005. *See Olszewski v Park Terrace Gardens*, 18 AD3d 349 (1st Dept. 2005). A further application for summary judgment dismissing that claim for common law indemnification was brought before the Supreme Court, New York County, and was determined on January 29, 2007. The Court ruled that third-party plaintiffs are entitled to common law indemnification from Plaza Restoration after finding that the negligence of Plaza was the cause of the accident and that the verdict-settlement was reasonable, *McGurran v DiCano* 251 A.D.2d 467 (2d Dept. 1998 ); judgment in the amount of $10,000,000 entered in favor of Park Terrace Gardens, Insignia Residential Group and DJM Contracting Corp., and against Plaza Restoration together with costs and disbursements.

Following a December 2002 verdict in excess of ten million dollars, the Olszewski action was settled for ten million dollars on June 2, 2004. Nationwide paid the full limits of Plaza Restoration's general liability and umbrella policies, plus interest in the amount of $889,644, for a total of $4,889,644. The Liquidation Bureau of the New York State Department of Insurance, as liquidator of Reliance Insurance Company, paid $1,871,715.00 on behalf of its insured, DJM Contracting, and additional insureds Park Terrace and Insignia. Park Terrace's primary insurer St. Paul paid the full limits of its $1,000,000 policy on Park Terrace's and Insignia's behalf. National Union, as Park Terrace and Insignia Residential's excess carrier, paid $2,238,641.00 towards the balance of the settlement.

On January 19, 2005, Plaza commenced this action against Nationwide alleging, *inter alia*, bad faith settlement practice in the Olszewski action against Nationwide on January 19,

-3-

2005. Nationwide moved to dismiss this action as premature because whether Olszewski had suffered a "grave injury" remained unresolved, as did the apportionment of liability between Park Terrace and Plaza Restoration. That application was denied by order of this court dated November 4, 2005 which order was affirmed by the Appellate Division, Second Department, by decision dated November 8, 2006.

A First Amended Complaint, pleading six causes of action, was served on July 10, 2006. Plaza alleges, among other things, that Nationwide: (i) has engaged in deceptive acts and practices with respect to its commercial general liability and umbrella insurance policies, including its Primary and Umbrella Policies; (ii) breached its contractual duty of good faith and fair dealing; (iii) wrongfully refused to participate in settlement discussions; (iv) wrongfully failed to retain independent counsel for Plaza's uninsured liability necessitated by the conflict of interest created by Nationwide; (v) wrongfully failed to pay the correct amount of interest due on the amount it paid in settlement; (vi) wrongfully failed to pay all of the defendants third-party plaintiffs' attorneys' fees and expenses incurred in defending the Olszewski action pursuant to their status as additional insureds under Plaza Restoration's umbrella policy; (vii) negligently failed to timely disclose that Plaza Restoration was insured by the umbrella policy or to make a reasonable search of its records and files to determine the existence of any umbrella or excess coverage available to Plaza Restoration; and, (viii) negligently misrepresented that Plaza Restoration did not have any excess or umbrella coverage through Nationwide or any other insurance company. In addition to damages, Plaza Restoration seeks a declaration that: (i) it is entitled to independent counsel, at Nationwide's expense, to protect its interests in the third-party action as a result of the conflict of interest created by Nationwide; (ii) Park Terrace, Insignia and DJM are additional insureds under the umbrella policy; (iii) Nationwide has a duty to defend and indemnify the defendants in the Olszewski action; and, (iv) Nationwide has a duty to indemnify the defendants for post-judgment interest on the entire December 2002 verdict under the terms and conditions of the umbrella policy.

Nationwide seeks dismissal of the First Amended Complaint pursuant to CPLR 3211(a)(7) based upon Plaza's assignment of its rights against Nationwide to Park Terrace and Insignia Residential Group. The Document provides that

-4-

Plaza Restoration Inc., hereby assigns all right title and interest in its claims against Nationwide Mutual Insurance Company ... and all right title and interest in its claims against the firm of Gallagher Walker Bianco & Plastaras LLP and in consideration of the foregoing Park Terrace Gardens Inc, P.T. Tenants Corp., Insignia Residential Group Inc.,, and DJM Contracting Corp., covenant not to execute on the judgment or judgments they have or in the future might ultimately obtain against Plaza Restoration Inc., it officers, agents or assigns except as set forth heretofore.

In a preceding whereas clause Plaza states that it "wishes to assign all its rights against Nationwide .... under the general liability and excess liability insurance policies ... as well as any rights it possesses under the common law arising out of Nationwide's ... breach of its contractual duties under the policies and its duties of good faith and fair dealing."

National Union, as the subrogee of Park Terrace, opposes Nationwide's motion in a Memorandum of Law.  National Union maintains that Plaza has standing since National Union is the subrogee of its insured, Park Terrace, which is, in turn,  the assignee of Plaza Restoration's claims and rights against Nationwide.

On a CPLR § 3211(a)(7) motion to dismiss for failure to state a cause of action "the sole criterion is whether the pleading states a cause of action . . . . [I]f from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law, a motion for dismissal will fail." Guggenheimer v Ginzburg, 43 NY2d 268 (1977). The complaint must be liberally construed in the light most favorable to the plaintiffs and all factual allegations accepted as true. LoPinto v J.W. Mays, Inc., 170 AD2d 582 (2ᵈ Dept. 1991).

The aforesaid assignment bears the Olszewski and third-party action captions, and in it the third party plaintiffs and defendant declare that whereas Nationwide controlled the defense of the Olszewski action to the exclusion of Plaza Restoration and in the process placed its interests ahead of Plaza Restoration's, and, as a result, Plaza Restoration faced liability in excess of the limits of insurance provided by its general liability and excess (umbrella) liability policies. The rights  against the law firm of Gallagher Walker Bianco & Plastaras, LLP, included but were not limited to its failure to disclose available insurance coverage, its failure to demand that Nationwide Mutual Insurance Company make a good faith effort to settle that action to avoid a judgment in excess of the limits of liability available to it, its failure to advise Plaza Restoration, Inc., that it should obtain independent counsel to represent its uninsured interests in that action

and its advancement of arguments and defenses that were in the best interests of Nationwide
Mutual Insurance Company but against the best interests of its client, Plaza Restoration, Inc., to
Park Terrace and Insignia Residential. As and for consideration for this assignment, Park Terrace
Gardens, Inc., P.T. Tenants Corp., and Insignia Residential Group, Inc. "covenant[ed] not to
execute on the judgment or judgments they have or in the future might ultimately obtain against
Plaza Restoration, Inc., its officers, agents or assigns. . . ." Id at p.4

Upon the assignment of a claim, a party is no longer the real party in interest and forfeits
all rights to maintain such claim. Under such circumstances, dismissal is required for lack of
standing. James McKinney & Son, Inc. v Lake Placid 1980 Olympic Games, Inc., 61 NY2d 836
(1984); see also, National Financial Co. v Uh, 279 AD2d 374 (1ˢᵗ Dept. 2001); Columbus
National Leasing Corp. v Perkin-Elmer Corporation, 177 AD2d 1035 (4ᵗʰ Dept. 1991); 28
NYJur2d Contract Law § 15.3. It has been determined that Plaza Restoration is liable to the
third-party plaintiffs in the Olszewski action for contractual and common law indemnity. The
aforesaid finding does not circumvent its assignment so as to confer standing on it in this action.
To the extent that it assigned its claims against Nationwide, Plaza Restoration divested itself of
standing. However, that is not the end of the inquiry and an examination and comparison of the
claims advanced by Plaza Restoration in this action and those it assigned to Park Terrace and
Insignia is required.

In the complaint, Plaza Restoration alleges that it was covered by three policies issued by
Nationwide: A commercial general liability policy in the amount of two million dollars; a
commercial umbrella liability insurance policy in the amount of two million dollars; and, a
workers' compensation and employer's liability insurance policy with unlimited coverage for
liability for bodily injury to an employee in the course of employment. Plaza Restoration alleges
that Nationwide agreed to provide it with a defense in suits "seeking damages covered by the
policies," and to pay judgments covered by all three policies. Moreover, Plaza Restoration
alleges that Nationwide agreed to provide additional insurance coverage under the umbrella
policy to any entity to whom Plaza Restoration agreed in writing to provide insurance.

In its complaint, Plaza Restoration alleges that while Nationwide accepted its defense of
the third-party action in Olszewski without a reservation of rights, Nationwide refused to defend

and/or indemnify Park Terrace and/or Insignia Residential in the Olszewski action, in breach of Plaza Restoration's umbrella policy. Complaint ¶ 25 & 26. Plaza Restoration further alleges that Nationwide failed to timely divulge the existence of its umbrella policy, thereby prejudicing it and the other defendants/third-party plaintiffs in their attempt to settle the Olszewski action. Plaza Restoration alleges that Nationwide refused to take a role on behalf of Plaza Restoration in an attempt to settle the Olszewski action, despite Plaza Restoration's clear contractual obligations and possible common law indemnification obligations. This, Plaza Restoration alleges, resulted in the verdict in excess of 10 million dollars, which exceeded Plaza Restoration's primary and umbrella policy limits. Plaza claims that even post-verdict, Nationwide refused to participate in any settlement negotiations in the third-party action. Plaza Restoration further alleges that even when Nationwide offered its primary and umbrella policy, it did so on condition that the third-party plaintiffs abandon their common law indemnification claim against Plaza Restoration, which conditional offer was immediately refused. Plaza Restoration alleges that it was not until January 23, 2004, that Nationwide belatedly tendered the general and umbrella policies and only $889,644.00 in interest, despite accrued interest totaling in excess of 2.5 million dollars. Plaza Restoration in fact alleges that Nationwide's calculation of payable interest is violative of its primary and umbrella policies. Plaza Restoration alleges Nationwide's conduct was in bad-faith and harmed both it and the third-party plaintiffs who were additional insureds.

Plaza Restoration further alleges:

> "Nationwide, through Gallagher Walker [law firm], has continued
> to pursue dismissal of the defendants/third-party plaintiffs'
> common law indemnification claims against Plaza, despite the fact
> that (i) the limits of insurance available to Plaza under the
> Employers Liability Policy for those claims are unlimited and
> therefore available to satisfy any potential judgment against Plaza,
> (ii) Plaza's appeal of the judgment of contractual indemnification
> in favor of the defendants/third-party plaintiffs was denied and (iii)
> Plaza is likely to be found contractually liable to the
> defendants/third-party plaintiffs in an amount in excess of the
> coverage limits of the Primary and Umbrella Policies. Upon
> information and belief, by instructing Gallagher Walker to
> repeatedly move for dismissal of common law indemnification

-7-

> claims pending against Plaza for which the Employer's Liability
> Policy provides full coverage, while Plaza's liability under the
> contractual liability claims, for which none of the Policies may
> provide full coverage, Nationwide has created a conflict of interest
> with its insured, Plaza, which Nationwide has made no effort to
> resolve.
> Complaint at ¶ 53

Plaza Restoration maintains:

> "Nationwide's actions in repeatedly pursuing dismissal of the
> common law indemnification claims in light of Plaza's already
> determined contractual liability is motivated by Nationwide's
> placement of its own interests ahead of the interest of its insured,
> Plaza."
> Id at ¶59.

Plaza Restoration alleges that Nationwide's failure to divulge the conflict of interest relating to the common law indemnification claim and to retain independent counsel for it constituted a breach of the contractual duty of good faith and fair dealing, as well as its contractual duty to defend Plaza Restoration under the primary and umbrella policies.

The first cause of action alleges that Nationwide has engaged in deceptive business practices *vis a vis* it and other insureds in violation of General Business Law § 349.

For its second cause of action, Plaza Restoration alleges that Nationwide breached its contractual duty of good faith and fair dealing by refusing to engage in settlement negotiations and tender the policy limits of the primary and umbrella policies, repeatedly seeking dismissal of the common law indemnification claims and failing to advise it of the conflict of interest and its right to independent counsel; and, requiring that the contractual and common law claims be settled together.

As and for its third cause of action, Plaza Restoration alleges that Nationwide breached its contractual obligations under its primary and umbrella policies.

As and for its fourth cause of action, Plaza Restoration alleges that Nationwide was negligent in failing to disclose the umbrella policy's existence

As and for its fifth cause of action, Plaza Restoration alleges that Nationwide's failure to divulge the umbrella policy sooner constituted a negligent misrepresentation.

As and for its sixth cause of action, Plaza Restoration seeks a declaration that: (1) Nationwide is obligated to indemnify Plaza Restoration for all amounts which it is adjudged liable in the third-party action including post-verdict interest; (2) Plaza Restoration is entitled to independent counsel in the third-party action at Nationwide's expense; and, (3) Park Terrace, Insignia and DJM Contracting are additional insureds under its umbrella policy and Nationwide has an obligation to defend and indemnify them in the Olszewski action, including the payment of Olszewski's post-judgment interest.

Plaza Restoration assigned its contractual and common-law claims relating to its primary and umbrella policies; they cannot now be advanced by it. Neither the statutory claim pursuant to General Business Law § 349 nor the contractual and common-law claims relating to Plaza Restoration's workers compensation/employers liability policy have been assigned. Therefore, Plaza Restoration is free to sue on either or both the GBL 349 claim and/or the worker's compensation claim.

All claims, both contractual and common-law, predicated upon Plaza Restoration's primary and umbrella policies are dismissed for want of standing. National Union's attempt to save these claims from dismissal fails. While National Union may be the subrogee of Park Terrace, Park Terrace is not the plaintiff here. A covenant not to execute is not a release. Plaza Restoration's liability thus still exists. See, Colton v New York Hospital, 53 AD2d 588 (1st Dept. 1976). Thus, the covenant afforded Plaza Restoration in its assignment does not divest Plaza Restoration of standing to pursue its remaining claims.

Nationwide's motion to dismiss the first and second causes of action pursuant to CPLR 3212 is denied as issue has not been joined. CPLR 3212(a). To the extent that dismissal of the General Business Law claim is sought pursuant to CPLR 3211(a)(7), Plaza Restoration has pled that Nationwide has engaged in deceptive acts and practices in its dealings with Plaza "and, upon information and belief, its other insureds, by failing to design and implement adequate or reasonable policies and procedures with respect to" investigating the existence of excess or umbrella policy coverage available; participating in settlement discussions, tendering its policies to claimants when its insured's liability has been established; failing to advise its insureds of conflicts of interest and their right to independent counsel; failing to retain independent counsel

for its insureds when conflicts of interest exist; and, requiring both contractual and common-law indemnification claims be settled together. These allegations do not sufficiently plead a violation of General Business Law § 349. Contrary to Plaza's assertion, it is conceivable that as an insured it adequately qualifies as consumers in general or the public. However, in this case it is in the position of being one entity that allegedly was not protected by it's policy in the manner it expected. Only the details relating to Nationwide's relationship with Plaza have been pled. As Plaza stated in opposition to defendant's motion to dismiss "[t]he purpose of the assignment was to assign Plaza's bad faith claims against Nationwide to the parties to whom Plaza had already been held liable." Memo of Law at p.4. There cannot be extrapolated from this circumstance a scenario whereby "*all* of Nationwide's commercial insureds, including Plaza, ...have been subjected to the conduct complaint of" thus morphing this into a quasi class action on the basis of perceived wrongs suffered by plaintiff. Were this complaint before the court on a simple set of facts, standing alone the alleged violation of section 349 of the GBL would not survive a motion to dismiss, and this is especially so since the bad faith dispute has been part of the underlying litigation for many years and other instances of bad faith might well have come to light. Accordingly the first cause action is dismissed.

Plaza Restoration's second cause of action to recover damages for a breach of the duty of good faith and fair dealing, i.e., bad faith, is sufficiently pled but it is the very claim assigned to Park Terrace Garden's. To reiterate, it included "all right title and interest in its claims against Nationwide," and on this basis it is dismissed along with all other causes for lack of standing.

On the basis of the foregoing, it is hereby ORDERED that the First Amended Complaint is dismissed.

Dated: June 28, 2007

J.S.C.

-10-