UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, P.A.,

                       Plaintiff,

    -against-

NATIONWIDE MUTUAL INSURANCE
COMPANY, INC.,

                    Defendant.
-------------------------------------------------------------------X

07-CV-10502 (LBS)

 

# MEMORANDUM OF LAW IN SUPPORT OF
# NATIONWIDE MUTUAL INSURANCE COMPANY'S
# MOTION TO DISMISS

 

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP
Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE
COMPANY i/s/h/a NATIONWIDE MUTUAL
INSURANCE COMPANY, INC.
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000
File No.: 10-5155

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS .............................................................................................. 3

    A.   The Underlying Personal Injury Action ................................................ 3
    B.   Plaza v. Nationwide, Supreme Court, Nassau County Index No: 11706/2005 ............ 5
    C.   National Union v. Nationwide (U.S. District SDNY Docket No: 07 CV 10502) ......... 7

ARGUMENT ................................................................................................................ 8

POINT I ...................................................................................................................... 8

    NATIONWIDE IS ENTITLED TO DISMISSAL OF THE COMPLAINT
    SINCE NATIONAL UNION IS NOT THE REAL PARTY IN INTEREST
    AND DOES NOT HAVE STANDING TO SUE NATIONWIDE

    A.   Standard of Review ...................................................................... 8
    B.   National Union Lacks Standing To Bring Suit Against Nationwide ................... 11

POINT II ................................................................................................................... 13

    THE PLAINTIFF DOES NOT HAVE A COGNIZABLE CAUSE OF
    ACTION UNDER GENERAL BUSINESS LAW §349

POINT III .................................................................................................................. 19

    THE FIFTH CAUSE OF ACTION FOR NEGLIGENT
    MISREPRESENTATION SHOULD BE DISMISSED AS TIME BARRED
    BY OPERATION OF THE STATUTE OF LIMITATIONS

CONCLUSION .......................................................................................................... 21

## TABLE OF AUTHORITIES

**Page**

## CASES

*2 Broadway L.L.C. v. Credit Suisse First Boston Mortg. Capital L.L.C.*
   2001 WL 410074 (S.D.N.Y. 2001)............................................................................. 10

*Ackerman v. National Property Analysts, Inc.*, 887 F. Supp. 494 (S.D.N.Y. 1992).................... 19

*Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994) .................................................. 9

*Boule v. Hutton*, 328 F.3d 84 (2d Cir. 2003) ................................................................................... 14

*Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) ..................................... 9

*Carvel Farms Corp. v. Bartomeo*, 50 Misc.2d 1073, 272 N.Y.S.2d 507 (N.Y. Sup. 1965)........ 12

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 (1957) ............................................ 9

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991),
   *cert. denied*, 503 U.S. 960, 112 S.Ct. 1561 (1992)..................................................... 8

*Country World, Inc. v. Imperial Frozen Goods Co.*, 186 A.D.2d 781, 589 N.Y.S.2d 81
   (2d Dept. 1992) .................................................................................................................. 19

*D'Arata v. New York Central Mutual Fire Ins. Co.*, 76 N.Y.2d 659, 564 N.E.2d 634 (1990) ..... 18

*Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992), *cert. denied*,
   506 U.S. 821, 113 S.Ct. 71 (1992).................................................................................. 10

*Fleet Factors Corp. v. Werblin*, 114 A.D.2d 996, 495 N.Y.S.2d 434 (2d Dept. 1985)............... 19

*Fletsher v. Atex, Inc.*, 68 F.3d 1451, 1457 (2d Cir. 1995) ........................................................... 17

*Fonte*, 848 F.2d at 25 .......................................................................................................................... 8

*Fromer v. Yogel*, 50 F.Supp.2d 227, 242 (S.D.N.Y. 1999) ........................................................ 19

*Gaidon v. Guardian Life Ins. Co. Of America*, 94 N.Y.2d 330, 725 N.E.2d 598 (1999) ............. 13

*Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980) ................................................................ 9

*Golino v. City of New Haven*, 950 F.2d 864, 869 (2d Cir. 1991) ................................................. 17

*Greene v. WCI Holdings Corp.*,  956 F.Supp. 509, 514 -515 (S.D.N.Y. 1997) ........................... 9

*Greenspan v. Allstate Ins. Co.*  937 F.Supp. 288 (S.D.N.Y. 1996) .......................................... 15

*Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) ................................ 9

*In re JWP Inc. Securities Litigation*, 928 F.Supp. 1239, 1255 (S.D.N.Y. 1996)........................ 19

*In re Sokol*, 113 F.3d 303, 306 (2d Cir. 1997)..................................................................... 17, 18

*Infostar v. Worcester Ins. Co.*, 924 F.Supp. 25, 29 (S.D.N.Y. 1996) ........................................ 15

*IT Corp. v. Ecology and Environmental Engineering, P.C.*, 275 A.D.2d 958, 960,
   713 N.Y.S.2d 633 (4th Dept. 2004), *lv. denied* 96 N.Y.2d 702, 745 N.E.2d 1016 (2001)....... 19

*Jackson v. Ramundo*, 1997 WL 678167 (S.D.N.Y. 1997)...................................................... 18

*James McKinney & Son, Inc. v. Lake Placid 1980 Olympic Games, Inc.*,
   61 N.Y.2d 836, 462 N.E.2d 137 (1984)............................................................................. 11

*Johns v. Town of East Hampton*, 942 F.Supp. 99, 104 (E.D.N.Y. 1996) .................................... 9

*Karlin v. IVF, America, Inc.*, 93 N.Y.2d 282, 690 N.Y.S.2d 495, 712 N.E.2d 662 (1999)........ 14

*Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 482 N.E.2d 63 (1985) ..................................... 17, 18

*Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir. 1991) ......................................................... 17

*Kopec*, 922 F.2d at 155-56................................................................................................................. 8

*Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)........................................ 8, 10

*Lava Trading Inc. v. Hartford Fire Ins. Co.*  326 F.Supp.2d 434 (S.D.N.Y. 2004) .................... 14

*Leonard F. v. Israel Discount Bank of New York,* 199 F.3d 99, 107 (2d Cir. 1999) ................... 11
*Levin v. Gallery 63 Antiques Corp.,* 2006 WL 2802008 (S.D.N.Y. 2006)................................... 13
*M&T Mortgage Corp. v. Miller,* 2007 WL 3534781 (E.D.N.Y. 2007) ..................................... 14
*MaGee v. Paul Revere Life Ins. Co.,* 954 F.Supp. 582, 586 (E.D.N.Y. 1997) ......................... 14
*Marden v. Dinin* 22 F.Supp.2d 180, 183 (S.D.N.Y. 1998)........................................................ 10
*Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81 (1984)..................................... 17
*Northwestern Mutual Life Insurance Co. v. Wender,* 940 F.Supp. 62 (S.D.N.Y. 1996) ............. 15
*Olszewski vs. Park Terrace Gardens* 18 A.D.3d 349 (1st Dept. 2005) ....................................... 4
*Olszewski vs. Park Terrace Gardens* 306 A.D.2d 128 (1st Dept. 2003) ..................................... 4
*Olszewski vs. Park Terrace Gardens, Inc., Insignia Residential Group, Inc. and*
  *BJM Contracting Corp. vs. Plaza Restoration Inc.,* New York County Supreme Court
  Index No: 101783/99 ........................................................................................................ 1
*Parker v. Blauvelt Volunteer Fire Co.,* 93 N.Y.2d 343, 712 N.E.2d 647 (1999) .............. 17, 18
*Pay Tel Systems, Inc. v. Seiscor Tech., Inc.,* 850 F.Supp. 276, 278 (S.D.N.Y. 1994) ................. 12
*Polidoro v. Chubb Corp.,* 354 F.Supp.2d 349 (S.D.N.Y. 2005)................................................ 15
*Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 124 (2d Cir. 1991)............................... 9
*Ryan v. New York Tel. Co.,* 62 N.Y.2d 494, 467 N.E.2d 487, 490 (N.Y.1984)..................... 17, 18
*Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,*
  748 F.2d 774, 779 (2d Cir. 1984)......................................................................................... 8
*Shuttlesworth v. City of Birmingham, Ala.,* 394 U.S. 147, 157, 89 S.Ct. 935 (1969)................. 10
*Sichel v. UNUM Provident Corp.* 230 F.Supp.2d 325 (S.D.N.Y. 2002) ................................. 14
*Stuart v. American Cyanamid Co.,* 158 F.3d 622, 626 (2d Cir. 1998) ..................................... 19
*Sullivan v. Gagnier,* 225 F.3d 161, 166 (2d Cir. 2000) ......................................................... 17
*Thomas v. Westchester County Health Care Corp.,* 232 F.Supp.2d 273, 275 (S.D.N.Y. 2002) .. 11
*U.S. Fidelity & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras,*
  2001 WL 300735 (S.D.N.Y. 2001)................................................................................ 11, 12
*Vitolo v. Mentor H/S, Inc.,* 213 Fed.Appx. 16 (2d Cir. 2007) ............................................... 14
*Wight v. BankAmerica Corp.,* 219 F.3d 79, 86 (2d Cir. 2000) ............................................... 18

## **STATUTES**

28 U.S.C. § 1738................................................................................................................ 17
CPLR §214 (5) .................................................................................................................. 19
CPLR §214(4)..................................................................................................................... 19
CPLR §214 (6) .................................................................................................................. 19
CPLR §3001........................................................................................................................ 19
CPLR §3211(a)(7) ............................................................................................................... 8
General Business Law §349................................................................................... 2, 7, 8, 13, 14, 15, 16, 17, 18
Labor Law §200.................................................................................................................... 3
Labor Law §240.................................................................................................................... 3
Labor Law §240(1)............................................................................................................... 3
Labor Law §241.................................................................................................................... 3
New York Worker's Compensation Law, Section 11 ................................................................ 3

## <u>RULES</u>

Fed. R. Civ. P. 10(c) ................................................................................................. 9
Fed. R. Civ. P. 12(b)(6) ................................................................................. 1, 8, 9, 10
Fed. R. Civ. P.17(a) ................................................................................................ 1, 11
Rule 56 ........................................................................................................................ 8

## <u>TREATISES</u>

2A James Wm. Moore, Moore's Federal Practice, ¶ 12.07[2.-5], at 12-89 (2d ed. 1995) ............. 8
5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure:*
    Civil 2d § 1327, at 762-63 (2d ed. 1990) .......................................................... 9
Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 6A Federal Practice and the
    Procedure § 1543, p. 334 (1990) ...................................................................... 11

The Defendant Nationwide Mutual Insurance Company ("Nationwide") submits this memorandum of law in support of its Motion to Dismiss. For the reasons set forth below, Nationwide seeks dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) and Rule 17(a) for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

Plaintiff, National Union Fire Insurance Company of Pittsburgh, P.A. ("National Union"), an AIG company, is a property and casualty insurer of a residential building located at 65-67 Park Terrace East, New York, New York and known as Park Terrace Gardens ("Park Terrace"). Nationwide is the comprehensive general liability, excess (umbrella) and employer's liability/worker's compensation insurer of a masonry trade contractor known as Plaza Restoration Inc. ("Plaza").

Through this action, National Union maintains that it effectively stands in the shoes of Nationwide's insured, Plaza, and pursues, *inter alia*, bad faith allegations against Nationwide in connection with the lawsuit currently pending in Supreme Court, New York County, entitled *Olszewski vs. Park Terrace Gardens, Inc., Insignia Residential Group, Inc. and BJM Contracting Corp. vs. Plaza Restoration Inc.*, bearing New York County Supreme Court Index No. 101783/99 (the "Olszewski Action").

The Complaint should be dismissed since National Union lacks standing to bring suit against Nationwide. In this regard, Plaza assigned its rights against Nationwide under the general liability and umbrella liability insurance policies, "as well as any rights it possesses under the common law arising out of" Nationwide's alleged "breach of its contractual duties under the policies and its duties of good faith and fair dealing" to Park Terrace. Plaza did not assign said

rights to National Union. Therefore, National Union is not the real party in interest and does not own the rights to commence suit against Nationwide under the general liability and umbrella liability insurance policies, the common law arising out of alleged breach of its contractual duties under the policies and its duties of good faith and fair dealing.

Furthermore, Plaza did not assign to Park Terrace any rights against Nationwide for violations of General Business Law §349 or under the employer's liability/worker's compensation. Based upon the assignment of rights, National Union is not a real party in interest and therefore lacks standing to bring suit against Nationwide.

The grounds for dismissal of the First Cause of Action, seeking damages for alleged violations of General Business Law §349, are threefold. First, National Union does not have standing to assert this claim against Nationwide since Plaza did not assign these rights to anyone. Second, the Complaint fails to state a cause of action for a violation of General Business Law §349. Third, National Union is barred, by operation of the doctrines of res judicata and collateral estoppel, from litigating the issue of whether a viable claim under General Business Law §349 exists due to the state court adjudication of the very same issue in a related proceeding.

The Fifth Cause of Action for negligent misrepresentation should also be dismissed as said cause of action is time barred by operation of the applicable statute of limitations. The negligent misrepresentation claim arises out of the alleged negligent misrepresentations that Plaza did not have excess or umbrella coverage. Such representations were made on April 17, 1998 and October 5, 2000. Since negligent misrepresentation claims sounding in tort are governed by New York's three year statute of limitations for negligence actions, the Fifth Cause of Action is, therefore, time barred and should be dismissed.

## STATEMENT OF FACTS

**A.    The Underlying Personal Injury Action**

On October 8, 1998, Tadeus Olszewski was injured in a scaffold accident while working at Park Terrace in the employ of Plaza. (Complaint ¶7).[1]  Plaza was a subcontractor to the project's general contractor, DJM Contracting Corp. (Complaint ¶7).  On or about January 21, 1999 Mr. Olszewski and his wife commenced an action against the property owner Park Terrace, the management agent, Insignia Residential Group and DJM. (Complaint ¶8).  The Olszewski action sought damages for alleged violations of New York Labor Law §200, 240 and 241 as well as a loss of consortium as a result of the scaffolding accident. (Complaint ¶8).  On or about October 13, 1999, Park Terrace, Insignia Residential Group and DJM Contracting Corp. commenced a third-party action against Plaza seeking contractual and common law indemnification and contribution. (Complaint ¶13).

At the time of the scaffold accident, Park Terrace and Insignia Residential Group were insured by St. Paul and National Union. (Complaint ¶9); DJM was insured by Reliance (Complaint ¶9) and State Insurance Fund. (Complaint ¶56), and Plaza was insured by Nationwide (Complaint ¶9).  It should be noted that pursuant to Section 11 of the New York Worker's Compensation Law:

> an employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee sustained a "grave injury"....

On June 29, 2001 in the Olszewski Action,  a liability judgment was entered against the prime defendants pursuant to Labor Law §240(1). (Complaint ¶33).  Further, the defendant/third-

---

[1]  A copy of the Complaint is annexed to the accompanying Declaration of Lorin A. Donnelly dated January 25, 2008 ("Donnelly Declaration") as Exhibit "A".

party plaintiffs were granted contractual indemnification against Plaza. (Complaint ¶34).  At the same time, the Supreme Court dismissed the third-party common law indemnification and apportionment claims against Plaza on the grounds that Olszewski did not sustain a statutory "grave injury".

A damages only trial resulted in a verdict in favor of Olszewski and against the defendants in the amount of $10,065,448. (Complaint ¶35).  After the verdict, in June, 2003, the Appellate Division, First Department reinstated the common law indemnity claims against Plaza. (Complaint ¶¶36, 47). *See, Olszewski vs. Park Terrace Gardens* 306 A.D.2d 128 (1st Dept. 2003); only to be dismissed again by the Supreme Court in January, 2004; (Complaint ¶63) and reinstated, once again, by the Appellate Division, First Department in May, 2005. (Complaint ¶64). *See Olszewski vs. Park Terrace Gardens* 18 A.D.3d 349 (1st Dept. 2005).

A further application for summary judgment dismissing the common law indemnification claim was brought before the Supreme Court, New York County and was decided on January 29, 2007. (Donnelly Declaration, Exhibit "D", p. 3).  The Court ruled that the third-party plaintiffs were entitled to common law indemnification from Plaza after finding that Plaza's negligence was the sole cause of the accident and that verdict and settlement was reasonable. (Donnelly Declaration, Exhibit "D", p. 3).  Plaza filed an appeal to the Appellate Division, First Department from the January 29, 2007.

Following the December, 2002 jury verdict and the January, 2004 remand of the common law indemnification claim, on June 2, 2004, the Olszewski action was settled for $10,000,000. (Complaint ¶53).  Nationwide paid the entire limits of Plaza's general liability and umbrella policies, plus interest, in the amount of $889,644, for a total of $4,898,644 in settlement of the Olszewski Action.    (Complaint ¶52).    The Liquidation Bureau of the New York State

4

Department of Insurance, as liquidator of Reliance Insurance Company, paid $1,871,715 on behalf of its insured DJM Contracting and its additional insureds Park Terrace and Insignia. (Complaint ¶56). Park Terrace's primary insurer, St. Paul paid the full limits of its $1,000,000 on behalf of Park Terrace and Insignia. (Complaint ¶57). National Union, the excess carrier for Park Terrace and Insignia, paid $2,238,641 towards the balance of the settlement. (Complaint ¶57).

**B.      Plaza v. Nationwide, Supreme Court, Nassau County Index No: 11706/2005**

On January 19, 2005, Plaza by and through National Union's counsel, commenced an action against Nationwide alleging, *inter alia*, bad faith settlement practices in the Olszewski Action. (Donnelly Declaration, Exhibit "D", p. 3). Nationwide moved to dismiss the action as premature because the issue of whether Olszewski had suffered a "grave injury" remained unresolved as did the apportionment of liability among Park Terrace, DJM and Plaza. (Donnelly Declaration, Exhibit "D", pp. 3-4). The application was denied by Supreme Court, Nassau County by decision dated November 4, 2005 and affirmed by the Appellate Division, Second Department by decision dated November 8, 2006. (Donnelly Declaration, Exhibit "D", p. 4).

Thereafter, a First Amended Complaint, alleging six causes of action, was served on July 10, 2006. Plaza (who was represented by National Union's counsel) alleged, among other things that Nationwide: a) had engaged in deceptive business practices; b) breached its contractual duty of good faith and fair dealing; c) wrongfully refused to participate in settlement discussions; d) wrongfully failed to retain independent counsel for Plaza's uninsured liability; e) wrongfully failed to pay the correct amount of interest on the settlement; and f) wrongfully failed to pay all

of the defendants/third-party plaintiffs' attorneys fees and expenses in defending the Olszewski action. (Donnelly Declaration, Exhibit "D", p. 4).

Nationwide sought dismissal of the First Amended Complaint pursuant to New York CPLR §3211(a)(7) based upon an assignment of Plaza's rights against Nationwide to Park Terrace. (Donnelly Declaration, Exhibit "D", p. 4). The assignment document provides in relevant part:

> Plaza Restoration Inc., hereby assigns all right title and interest in its claims against Nationwide Mutual Insurance Company ... and in consideration of the foregoing Park Terrace Gardens Inc., P.T. Tenants Corp., Insignia Residential Group, Inc. and DJM Contracting Corp., covenant not to execute on the judgment or judgments they have or in the future might ultimately obtain against Plaza Restoration Inc., its officers, agents, or assigns except as set for heretofore. (Donnelly Declaration, Exhibit "B").

In the "Whereas Clause", which precedes the foregoing language, Plaza states that it "wishes to assign all its rights against Nationwide...on the general liability and excess liability insurance policies...as well as any rights it possess under the common law arising out of Nationwide's... breach of its contractual duties under the policies and its duties of good faith and fair dealing". (Donnelly Declaration, Exhibit "B" and "D", p. 5).

National Union, as alleged subrogee of Park Terrace, opposed Nationwide's motion maintaining that Plaza had standing because National Union is the subrogee of its insured, Park Terrace, which, in turn, was the assignee of Plaza's rights against Nationwide. (Donnelly Declaration, Exhibit "D", p 5).

A stipulation relating to the assignment was entered into between counsel for Plaza, Edwards, Angell, Palmer & Dodge, LLP; and counsel for Nationwide, Milber, Makris, Plousadis, & Seiden, LLP, which states that the assignment of rights was made by "Plaza to Park Terrace only". (Donnelly Declaration, Exhibit "C").

By memorandum decision and order dated June 28, 2007, Justice Ira B. Warshawsky granted Nationwide's motion and dismissed, in its entirety, the First Amended Complaint. (Donnelly Declaration, Exhibit "D"). Judge Warshawsky held that since Plaza had assigned all right title and interest in its claims against Nationwide to Park Terrace, Plaza was no longer the real party in interest and forfeited all rights to maintain such a claim. (Donnelly Declaration, Exhibit "D", p. 6). The Court held "[a]ll claims, both contractual and common law, predicated upon Plaza Restoration's primary and umbrella policies are dismissed for want of standing. National Union's attempt to save these claims from dismissal fails. While National Union may be the subrogee of Park Terrace, Park Terrace is not the plaintiff here". (Donnelly Declaration, Exhibit "D", p. 9). The Court further noted that Plaza did not assign its General Business Law §349 or the contractual and common law claims relating to Plaza's worker's compensation/employer liability policy. (Donnelly Declaration, Exhibit "D", p. 9). The Court also dismissed these claims, holding that Plaza did not sufficiently plead a violation of General Business Law §349 in that it only alleged details relating to Nationwide's relationship with Plaza and not a practice which injured consumers in general or the public at large. (Donnelly Declaration, Exhibit "D", P. 9).

C.    **National Union v. Nationwide (U.S. District SDNY Docket No: 07 CV 10502)**

On November 21, 2007, National Union, as alleged subrogee of Park Terrace, filed the present action against Nationwide. (Donnelly Declaration, Exhibit "A"). The allegations in the present action are essentially identical to the allegations asserted by Plaza in the Supreme Court Nassau County action which were dismissed by Order of June 28, 2007. (Donnelly Declaration, Exhibits "A" and "D"). In the present action, National Union asserts six claims: a) Violation of

7

New York General Business Law §349; b) Bad Faith settlement; c) Breach of Contract, including a breach of a duty of good faith and fair dealing; d) Negligence (in failing to timely disclose a $2,000,000 umbrella policy); e) Negligent Misrepresentation (relating to disclosure of the umbrella policy); and f) Declaratory Relief Pursuant to CPLR §3001.

## ARGUMENT

## POINT I

### NATIONWIDE IS ENTITLED TO DISMISSAL OF THE COMPLAINT SINCE NATIONAL UNION IS NOT THE REAL PARTY IN INTEREST AND DOES NOT HAVE STANDING TO SUE NATIONWIDE

### A.    Standard of Review

In reviewing the pleadings on a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court looks only to the four corners of the complaint and evaluates the legal viability of the allegations contained therein. *See* Fed. R. Civ. P. 12(b)(6 ); *see also Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied,* 503 U.S. 960, 112 S.Ct. 1561 (1992); *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir. 1991); *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir. 1984). A court may not consider any material other than the pleadings in determining a motion under Rule 12(b)(6) unless it converts the motion into a motion for summary judgment under Rule 56. However, material which is submitted as part of the complaint, as well as certain items in the record and public record, may be considered by the court." 2A James Wm. Moore, Moore's Federal Practice, ¶ 12.07[2.-5], at 12-89 (2d ed. 1995); *see also Kopec,* 922 F.2d at 155-56; *Fonte,* 848 F.2d at 25.

8

As the Second Circuit has stated, the court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir. 1980). *See also Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 124 (2d Cir. 1991). Moreover, in evaluating whether a complaint will withstand a Rule 12(b)(6) motion, a court must assume the truth of plaintiff's allegations. *See Albright v. Oliver,* 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994). A complaint will not be dismissed unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief requested. *See Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 (1957); *see also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984); *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir. 1991); *Greene v. WCI Holdings Corp.,* 956 F.Supp. 509, 514 -515 (S.D.N.Y. 1997).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents attached to the complaint as exhibits or incorporated in it by reference. *See Brass v. American Film Techs., Inc.,* 987 F.2d 142, 150 (2d Cir. 1993) ( holding that "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference" and citing to Fed. R. Civ. P. 10(c)). Where plaintiffs do not attach the exhibits to their Complaint, but the Complaint explicitly references them, such exhibits may be considered on this motion. *See Johns v. Town of East Hampton,* 942 F.Supp. 99, 104 (E.D.N.Y. 1996). Furthermore, it is well established that when a plaintiff fails to introduce a pertinent document as part of his pleading, a defendant may introduce that exhibit as part of his motion attacking the pleading. *See* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 1327, at 762-63 (2d ed. 1990). Accordingly, the factual allegations of the Complaint, as supplemented by those documents, are deemed true for purposes of a motion

to dismiss. *See 2 Broadway L.L.C. v. Credit Suisse First Boston Mortg. Capital L.L.C.* 2001 WL 410074 (S.D.N.Y. 2001).

In this regard, the Complaint served upon Nationwide and filed with the Court omits all of the documents referred to therein. The Covenant Not to Execute and the Assignment of Rights annexed to the Declaration of Lorin A. Donnelly as Exhibit "B" was referred to in Paragraph 59 of the Complaint as Exhibit "T". Thus, the Assignment is properly before the Court and may be properly considered by the Court in determining the within motion pursuant to Rule 12(b)(6).

Likewise, the Court may properly consider the Stipulation dated April 26, 2007, which was submitted to the state court to clarify the aforementioned assignment in connection with the Nationwide's Motion to Dismiss the First Amended Complaint; and the Order of the Honorable Ira B. Warshawsky, Justice of the Supreme Court, Nassau County. (Donnelly Declaration, Exhibits "C" and "D" respectively). As a general matter, the United States Court of Appeals, Second Circuit has held that "courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time-Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). A court may take judicial notice of related judicial proceedings. *See Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147, 157, 89 S.Ct. 935 (1969); *Marden v. Dinin* 22 F.Supp.2d 180, 183 (S.D.N.Y. 1998); *see also, Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992), *cert. denied*, 506 U.S. 821, 113 S.Ct. 71 (1992).

Furthermore, the Court's consideration of documents attached to, or incorporated by reference in the Complaint, and matters of which judicial notice may be taken, does not convert the motion to dismiss into one for summary judgment. *See Leonard F. v. Israel Discount Bank of*

*New York,* 199 F.3d 99, 107 (2d Cir. 1999); *see also, Thomas v. Westchester County Health Care Corp.,* 232 F.Supp.2d 273, 275 (S.D.N.Y. 2002).

**B.**    **National Union Lacks Standing To Bring Suit Against Nationwide**

Nationwide is entitled to the dismissal of the Complaint since National Union is not the real party in interest and therefore lacks standing to bring suit. In this regard, and as set forth in the assignment (Donnelly Declaration, Exhibit "B') and as recognized by the state court, (Donnelly Declaration, Exhibit "D") Plaza assigned its rights to pursue certain claims set forth in the Complaint to Park Terrace only and not to National Union.

Federal Rule of Civil Procedure 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Rule 17(a) requires that a cause of action "must be brought by the person who, according to the governing substantive law, is entitled to enforce the right." Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 6A Federal Practice and the Procedure § 1543, p. 334 (1990); *see also, U.S. Fidelity & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras,* 2001 WL 300735 (S.D.N.Y. 2001).

In the case at bar it is clear that National Union is not the real party in interest because, pursuant to the written agreement, Plaza assigned its rights to pursue the claims against Nationwide to Park Terrace, and therefore, only the Park Terrace may assert such claims against Nationwide.

Generally speaking, under New York law, an assignor of a claim retains no right to pursue that claim upon assignment and the assignee is the real party in interest with respect to that claim. *See James McKinney & Son, Inc. v. Lake Placid 1980 Olympic Games, Inc.,* 61 N.Y.2d 836, 462 N.E.2d 137 (1984); *see also Pay Tel Systems, Inc. v. Seiscor Tech., Inc.,* 850

F.Supp. 276, 278 (S.D.N.Y. 1994) ("Where complete assignments have been made, the assignee is the real party in interest...."). Thus, under New York law, an assignor of a claim retains no right to pursue that claim upon assignment and the assignee is the real party in interest with respect to that claim. *See U.S. Fidelity & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras, supra.*. The legal concept of the real party in interest has long since become a part of the substantive law. *See Carvel Farms Corp. v. Bartomeo*, 50 Misc.2d 1073, 272 N.Y.S.2d 507 (N.Y. Sup. 1965). The failure to allege facts showing that the plaintiff is the real party in interest renders the complaint fatally defective. *Id.* It is well settled law that an action must be prosecuted in the name of the real party in interest. *Id.* To be a real party in interest, a plaintiff must have some title, legal or equitable, to the claim. *Id.*

Based upon the law in New York, once Plaza had assigned its rights to pursue the claims set forth in the Complaint to Park Terrace, Plaza lost the right to sue thereon. Clearly, Park Terrace, not National Union, is the real party in interest and, based upon the assignment, is the only party that can bring such claims against Nationwide. Since National Union lacks standing to assert the claims set forth in the Complaint and is not the real party in interest, the Complaint fails to state a claim upon which relief can be granted and therefore dismissal of the Complaint is warranted. *See U.S. Fidelity & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras, supra.*

Furthermore, this issue was squarely decided by Justice Warshwsky in the state court litigation where the equitable subrogation theory of National Union was first advanced. The state court disregarded this argument out-of-hand: "While National Union may be the subrogee of Park Terrace, Park Terrace is not the plaintiff here." (Donnelly Declaration, Exhibit "D"). Therefore, inasmuch as Park Terrace and Park Terrace only "owns" the rights to proceed on Plaza's claims against Nationwide, and Park Terrace is not the party plaintiff of this action, the

Complaint should be dismissed. National Union is not the real party in interest and therefore lacks standing to bring suit against Nationwide for the claims asserted in the Complaint.

**POINT II**

**THE PLAINTIFF DOES NOT HAVE A COGNIZABLE CAUSE OF ACTION UNDER GENERAL BUSINESS LAW §349**

The Complaint asserts six causes of action against Nationwide. The First Cause of Action seeks to recover money damages for alleged violations of New York General Business Law §349. New York General Business Law §349 prohibits deceptive business practices. The statute makes conduct actionable which does not rise to the level of common law fraud. *Gaidon v. Guardian Life Ins. Co. Of America*, 94 N.Y.2d 330, 725 N.E.2d 598 (1999). As the Court stated in the case of *Levin v. Gallery 63 Antiques Corp.*, 2006 WL 2802008 (S.D.N.Y. 2006),

> Section 349 was meant to "afford a practical means of halting consumer frauds at their incipiency without the necessity to wait for the development of persistent frauds". Under the statute, private, unique "single-shot" contractual transactions are not cognizable and plaintiffs "must demonstrate that the acts or practices have a broader impact on consumers at large" [Citations omitted].

First and foremost, the First Cause of Action should be dismissed in its entirety since Plaza did not, by virtue of the assignment, assign its rights to pursue any claims pursuant to New York General Business Law §349 to either National Union or Park Terrace. To this end, the assignment expressly assigns to Park Terrace its rights against Nationwide under the general liability and umbrella liability policies as well as any rights it possesses "under the common law" arising out of Nationwide's alleged breach of its duties of good faith and fair dealing. It is clear that Plaza did not assign its rights to pursue a claim based upon New York General Business Law §349. Moreover, the lower court order holds that "[n]either the statutory claim pursuant to General Business Law §349 nor the contractual

13

and common-law claims relating to Plaza Restoration's workers compensation/employers liability have been assigned. Therefore, Plaza Restoration is free to sue on either or both the GBL 349 claim and/or the worker's compensation claim." (Donnelly Declaration, Exhibit "D"). Inasmuch as those rights have not been assigned to National Union's insured, Park Terrace, neither Park Terrace, nor National Union have standing to assert those claims.

Notwithstanding the foregoing, the Complaint fails to state a cause of action premised upon New York General Business Law §349. To state a claim under New York General Business Law §349, a plaintiff must prove, among other things, that "the challenged act or practice was consumer-oriented". *Vitolo v. Mentor H/S, Inc.*, 213 Fed.Appx. 16 (2d Cir. 2007). The plaintiff must show "a material deceptive act or practice directed to consumers that caused actual harm". *Boule v. Hutton*, 328 F.3d 84 (2d Cir. 2003). The plaintiff must also show that defendant's conduct is "directed at wrongs against the consuming public" and not a private contract dispute unique to the parties. *M&T Mortgage Corp. v. Miller*, 2007 WL 3534781 (E.D.N.Y. 2007). A deceptive act or practice for the purpose of the statute is one which is likely to mislead a reasonably prudent consumer. *See Karlin v. IVF, America, Inc..,* 93 N.Y.2d 282, 690 N.Y.S.2d 495, 712 N.E.2d 662 (1999). A deceptive act or practice is "a representation or omission likely to mislead a reasonable consumer acting reasonably under the circumstances." *Sichel v. UNUM Provident Corp.* 230 F.Supp.2d 325 (S.D.N.Y. 2002). The injury must be to the public generally rather then to the plaintiff alone. *See MaGee v. Paul Revere Life Ins. Co.,* 954 F.Supp. 582, 586 (E.D.N.Y. 1997).

Conclusory allegations, even of the existence of a claims settlement policy designed to deceive the public, are not sufficient to state a claim under New York General Business Law §349 in the absence of factual allegations in support thereof. *See Lava Trading Inc. v. Hartford Fire Ins. Co.* 326 F.Supp.2d 434 (S.D.N.Y. 2004); *see also, Northwestern Mutual Life Insurance*

*Co. v. Wender,* 940 F.Supp. 62 (S.D.N.Y. 1996) (denying a New York General Business Law §349 claim where "there are no specific allegations of an impact on consumers at large, or that plaintiff employed deceptive practices). The plaintiff must allege <u>facts</u> showing injury or potential injury to the public. *See Greenspan v. Allstate Ins. Co.* 937 F.Supp. 288 (S.D.N.Y. 1996). Thus, conclusory allegations are insufficient to withstand a motion to dismiss.

Several courts have considered whether disputes between policy holders and insurance companies can amount to conduct falling within New York General Business Law §349. Almost uniformly, those courts have held that such disputes are nothing more than private contractual disputes that lack the consumer impact necessary to state a claim pursuant to New York General Business Law §349. Where specific allegations at issue are 'unique to the parties' and do not have any broader impact on consumers at large, such allegations are insufficient to state a cause of action under New York General Business Law §349. Significantly, it has also been held that an insurance company's actions in settling a claim are not inherently consumer-oriented. *See Infostar v. Worcester Ins. Co.,* 924 F.Supp. 25, 29 (S.D.N.Y. 1996); *Greenspan v. Allstate Ins. Co., supra.*

In the case at bar, the question becomes whether Nationwide's alleged acts were "consumer oriented" or aimed specifically at the Plaintiff. *See Polidoro v. Chubb Corp.,* 354 F.Supp.2d 349 (S.D.N.Y. 2005). It is clear that the alleged facts that form the predicate for the Complaint and the alleged violation of New York General Business Law §349 relate to alleged conduct aimed solely at Plaza, Park Terrace, Insignia, and DJM and, therefore, do not have any impact on consumers at large. Facts that indicate that the claims have a broader impact on consumers at large are not even alleged. (Complaint ¶¶1-70). Despite the language set forth in the Complaint referring to Nationwide's "insureds" that is purely tailored to meet the

requirements of the statute to maintain an action under New York General Business Law §349, the factual allegations purely relate to a dispute between Nationwide and Plaza.

A review of the factual allegations set forth in the Complaint, which the First Cause of Action is predicated upon, confirms that this litigation is purely a private dispute unique to Plaza and Nationwide. The factual allegations do not implicate or even reference conduct that is aimed at the general public, but set forth the alleged dispute as to the alleged conduct of Nationwide in settling the Pending Personal Injury Lawsuit and Nationwide's alleged conduct *vis-à-vis* Plaza, Park Terrace, Insignia, and DJM.

In this regard, the Complaint alleges the following conduct: alleged failure to properly calculate interest; the alleged failure to engage in settlement negotiations; the alleged failure to defend Park Terrace and DJM as additional insureds; the alleged conflict of interest created by the attempts to dismiss the common law indemnification claims; the alleged failure to advise Plaza of its right to retain independent counsel; and the alleged failure to disclose the existence of an umbrella policy. Certainly this is not conduct aimed at consumers at large but rather demonstrates a dispute between an insured and insurer.

As the Complaint alleges conduct that is simply a contract dispute unique to the parties and does not allege conduct that has broad impact upon consumers at large, the plaintiff does not have a viable cause of action against Nationwide based upon New York General Business Law §349.

Furthermore, the issue of whether the plaintiff has a cognizable New York General Business Law §349 claim was already decided by Justice Warshawsky in the State Court action, who held that the very same allegations asserted in the state court action "do not sufficiently plead a violation of General Business Law §349." (Donnelly Declaration, Exhibit "D").

Therefore, the plaintiff is collaterally estopped from litigating a claim against Nationwide under New York General Business Law §349.

Under 28 U.S.C. § 1738, federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Golino v. City of New Haven*, 950 F.2d 864, 869 (2d Cir. 1991) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). The preclusive effect of a state court determination in a subsequent federal proceeding is governed by the rules of the state in which the prior determination was rendered, in this case New York. *See Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000); *In re Sokol*, 113 F.3d 303, 306 (2d Cir. 1997). Under New York law, "[c]ollateral estoppel or issue preclusion 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party [or those in privity,] whether or not the tribunals or causes of action are the same." *Sullivan*, 225 F.3d at 166 (quoting *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 467 N.E.2d 487, 490 (N.Y.1984)); *see also Fletsher v. Atex, Inc.*, 68 F.3d 1451, 1457 (2d Cir. 1995). Whether an issue decided in a prior proceeding has preclusive effect "depends on the specific facts and circumstances of each case." *Sullivan*, 225 F .3d at 166.

Collateral estoppel applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action. *Id.* (quoting *Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y.2d 343, 712 N.E.2d 647 (1999). *See also Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir. 1991); *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 482 N.E.2d 63 (1985). In addition, the issue must be decisive and conclusive in the subsequent action. *See*

*Wight v. BankAmerica Corp.,* 219 F.3d 79, 86 (2d Cir. 2000); *D'Arata v. New York Central Mutual Fire Ins. Co.,* 76 N.Y.2d 659, 564 N.E.2d 634 (1990); *Ryan,* 467 N.E.2d at 500-501.

The party seeking the benefit of collateral estoppel bears the burden of demonstrating the identity of issues and the necessity of their having been decided, and the opponent of preclusion has the burden of proving the absence of a full and fair opportunity to litigate the issue in the prior proceeding. *See Sokol,* 113 F.3d at 306; *Jackson v. Ramundo,* 1997 WL 678167 (S.D.N.Y. 1997); *Parker,* 712 N.E.2d at 651; *Kaufman,* 482 N.E.2d at 67. It is clear from a thorough examination of the state court order (Donnelly Declaration, Exhibit "D") and the Complaint (Donnelly Declaration, Exhibit "A") that the identical issue as to whether plaintiff, Plaza or National Union, has a cognizable New York General Business Law §349 claim was previously decided. In this regard, the state court held that Plaza was:

> "...in the position of being one entity that allegedly was not protected by it's policy in the manner it expected. Only the details relating to Nationwide's relationship with Plaza have been pled... There cannot be extrapolated from this circumstance a scenario whereby '*all* of Nationwide's commercial insureds including Plaza,...have been subjected to the conduct complaint *(sic)* of' thus morphing this into a quasi class action on the basis of perceived wrongs suffered by plaintiff..." (Donnelly Declaration, Exhibit "D").

Therefore, based upon the foregoing, the plaintiff is collaterally estopped from re-litigating the issue as to whether it has a cognizable claim based upon the alleged violation of New York General Business Law §349.

Based upon the foregoing, it is respectfully requested that the Court dismiss the First Cause of Action.

**POINT III**

**THE FIFTH CAUSE OF ACTION FOR NEGLIGENT
MISREPRESENTATION SHOULD BE DISMISSED AS TIME
BARRED BY OPERATION OF THE STATUTE OF LIMITATIONS**

In a diversity case, a federal court must look to the law of the forum state to determine which statute of limitations applies. *See Stuart v. American Cyanamid Co.,* 158 F.3d 622, 626 (2d Cir. 1998). In New York the statute of limitations for a negligent misrepresentation claim sounding in tort is governed by CPLR §214(4) and (5) which applies a three year statute of limitations. *See Country World, Inc. v. Imperial Frozen Goods Co.,* 186 A.D.2d 781, 589 N.Y.S.2d 81 (2d Dept. 1992) (applying three year limitation period to a negligent misrepresentation claim based upon CPLR §214(4) and (5)); *Ackerman v. National Property Analysts, Inc.,* 887 F. Supp. 494 (S.D.N.Y. 1992) (applying three year limitation period to plaintiff's negligent misrepresentation claim based upon CPLR §214(4) and citing *Fleet Factors Corp. v. Werblin,* 114 A.D.2d 996, 495 N.Y.S.2d 434 (2d Dept. 1985).

It is clear therefore, that the statute of limitations for negligent misrepresentation claims that do not sound in fraud is three years. *See Fromer v. Yogel,* 50 F.Supp.2d 227, 242 (S.D.N.Y. 1999); *see also IT Corp. v. Ecology and Environmental Engineering, P.C.,* 275 A.D.2d 958, 960, 713 N.Y.S.2d 633 (4th Dept. 2004), *lv. denied* 96 N.Y.2d 702, 745 N.E.2d 1016 (2001) (citing CPLR 214(4) and (6)). Moreover, the claim accrues when the misrepresentation is made. *In re JWP Inc. Securities Litigation,* 928 F.Supp. 1239, 1255 (S.D.N.Y. 1996).

In the case at bar and according to the facts set forth in the Complaint, "Nationwide breached its duty of care by representing through a certificate of insurance issued April 17, 1998 that Plaza was only insured by the Nationwide Policy and the Nationwide Employers Liability at the time of Mr. Olzewski's action, and did not have any umbrella or umbrella coverage through

19

Nationwide or any other insurance company." (Complaint ¶ 92). Based upon this allegation, any claim arising out of this alleged misrepresentation should have been asserted on or before April 17, 2001. Thus, any claim of negligent misrepresentation based upon this allegation is time barred by operation of the applicable statute of limitations.

In addition, the Fifth Cause of Action alleges that Nationwide represented through an affidavit "by one of its agents on October 5, 2000, that Plaza was only insured by the Nationwide Primary Policy and Nationwide Employers Liability Policy at the time of Mr. Olszewski's accident". (Complaint ¶93). Based upon this allegation, any claim of negligent misrepresentation accrued on October 5, 2000. The plaintiff would then have three years to commence an action based upon the alleged misrepresentation. In other words, the plaintiff would have had until October 5, 2003 to commence suit against Nationwide arising out of such a claim. As this action was not commenced until November 21, 2007, clearly, the Fifth Cause of Action is time-barred and therefore must be dismissed in its entirety.

## CONCLUSION

Based upon all of the foregoing, it is respectfully requested that this Court grant an order dismissing the Complaint in its entirety; alternatively, dismissing the First Cause of Action and Fifth Cause of Action;  and granting to this defendant such other and further relief as to this Court may seem just, proper and equitable.

Dated:  Woodbury, New York
         January 25, 2008

                                        Respectfully submitted,

                                        MILBER MAKRIS PLOUSADIS
                                        & SEIDEN, LLP

                                        By: _____
                                              LORIN A. DONNELLY [0791]
                                        Attorneys for Defendant
                                        NATIONWIDE MUTUAL INSURANCE
                                        COMPANY i/s/h/a NATIONWIDE MUTUAL
                                        INSURANCE COMPANY, INC.
                                        1000 Woodbury Road, Suite 402
                                        Woodbury, New York 11797
                                        (516) 712-4000
                                        Our File No.: 10-5155